Frank A. GHjlotta, J.
Plaintiff in this action to foreclose a mortgage moves to dismiss a defense as insufficient in law.
The defense asserts a lien superior to the mortgage by reason of a financial statement duly filed in the offices of the Nassau County Clerk and the Secretary of State covering aluminum siding which was thereafter installed on the house which is the subject of the foreclosure.
The mortgage was recorded on July 26, 1968 and the financial statement filed September 25, 1968. This was done with the consent of the owners but without the consent of the plaintiff mortgagee.
Section 9-313 of the Uniform Commercial Code deals with priority of security interests in fixtures. To paraphrase its somewhat involved and confusing provisions it seems to say: 1. There can be no reservation of a security interest in goods which are incorporated in a real property structure in the manner of lumber, bricks, tile, cement and the like, etc. 2. In other cases it may be reserved and has priority over existing liens if done before the goods become fixtures. 3. If done after, it is valid as to subsequent liens but invalid as to existing ones. The basis for this distinction is somewhat obscure, nor does the explanation given in the commentary shed much light, since a mortgagee’s expectations furnish no basis for defeating a lien by a new supplier and furthermore they (i.e., the expectations) may themselves be vanquished by the simple expedient of filing before affixation.
What constitutes a fixture is not defined in the act and thus, with the exception of the specific exclusion set forth above, it is to be determined by existing case law. This would place a fixture somewhere midway between real estate and a chattel.
However, insofar as prior rulings were based upon the test contained in section 67 of the Personal Property Law they are no longer valid precedents, because that test was not carried over into the above section of the Uniform Commercial Code, although much of the rest of the section was. That test made the validity of the reservation turn unrxn whether the goods could be removed *226 without material injury to the freehold. If they could, the reservation was permitted, otherwise it was not.
Now under subdivision (5) of section 9-313 the lienor may: “ remove his collateral from the real estate but he must reimburse any encumbrancer or owner of the real estate who is not the debtor and who has not otherwise agreed for the cost of repair of any physical injury, but not for any diminution in value of the real estate caused by the absence of the goods removed or by any necessity for replacing them. ’ ’
Thus the inquiry made now is different from that made formerly, and so is the remedy. First you must decide whether the security holder’s goods are like lumber and bricks. If they are, he has no lien and that is an end of the matter. If they are not, he has a superior lien, but not on the proceeds of the sale. He merely has the right to remove the goods after posting security to repair any damage. This may turn out to be a somewhat Pyrrhic victory, giving the lienor a pile of dubious scrap not worth the labor of getting it off the house, repairing nail holes, etc. In other words, it may hurt the mortgagee without doing the lienor any corresponding good. However, that is something-for the parties to consider and beyond the control of the court.
For the purposes of this motion it is sufficient to conclude that a trial is required to determine the facts. It seems to this court that what the statute is aiming at is preventing a substantial destruction of a building, such as would be the case, for instance, if a new exterior surface had been installed in place of the old one. It may not prevent the removal of something which has been added to the structure, provided the structure will remain substantially in its original state after the removal.
Motion denied.