■  NU-WAY DISTRIBUTING CORP., Respondent, v. NORMAN SCHOIKERT et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. MULTI-PURPOSE CAPITAL CORP., Third-Party Defendant-Appellant.— In an action to recover the price of articles (kitchen cabinets, etc.) sold by plaintiff and installed in real property, title to which real property was acquired by defendants after the sale and installation of said articles, defendants third-party plaintiffs and the third-party-defendant appeal from a judgment of the Supreme Court, Westchester County, entered September 10, 1973, upon the trial court's decision based on an agreed statement of facts, which judgment is in favor of plaintiff against defendants for $1,700.75 plus interest, costs and disbursements, and in favor of defendants against the third-party defendant in the same amount. Judgment reversed, on the law, with costs to appellants against plaintiff, and complaint and third-party complaint dismissed on the merits. As the basis for its decision, the trial court construed subdivision (5) of section 9–313 of the Uniform Commercial Code as being permissive and permitting a creditor to recover the purchase price of goods, from a nondebtor who was in possession of the goods subject to the creditor's rights, as opposed to repossessing the

property or seeking redress against the debtor. We find no basis for that holding and construe the statute as merely providing the creditor with the statutory right of repossession, provided that he first comply with the security provision of the statute. His failure, or lack of desire to repossess his property upon default in payment does not entitle him to maintain an action for the purchase price against a subsequent purchaser of the real property. Section 9–313 of the Uniform Commercial Code does not act to create liability where none existed previously (see *Dry Dock Sav. Bank* v. *De Georgio*, 61 Misc 2d 224, 226 [GULOTTA, J.]. This applies even in cases, such as that at bar, where the collateral is custom-made and would be of no use or value should it be repossessed, and the parties in possession are using the property and the creditor has not been paid by his vendee. A creditor in plaintiff's position must be assumed to have known and understood the risk he was taking when he agreed to allow the goods to stand as collateral and the risk should remain his (see *Prisco & Soverio* v. *Bifulco Bros.*, 234 App. Div. 122). Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.