■ MGD GRAPHIC SYSTEMS, INC., Appellant, v NEW YORK PRESS PUBLISHING Co., INC., Respondent.—Order, Supreme Court, New York County, entered February 3, 1976, denying plaintiff's motion for seizure of property under CPLR article 71, unanimously reversed, on the law, and plaintiff's motion granted, defendant's cross motion granted to the extent of permitting the machinery to be reclaimed on condition that defendant post an undertaking of $5,900,000 and otherwise denied. Appellant shall recover of respondent $40 costs and disbursements of this appeal. Plaintiff sold to defendant's predecessor in interest printing presses and related machinery. The sales agreements dated April 14, 1971, April 13, 1973 and May 17, 1974, respectively, provided for the seller's having a security interest in the machinery together with all the rights and remedies of a seller and secured party as established or permitted upon agreement by the Uniform Commercial Code. Further, it was agreed that "Buyer shall cooperate with Seller in complying with all applicable conditional sales, chattel mortgage or Uniform Commercial Code Laws, as the case may be, pertaining to filing and recording and upon demand of Seller shall deliver before the date of shipment a dually [sic] executed Chattel Mortgage or Financing Statement covering the machinery as security for the deferred balance in lieu of this contract." Plaintiff perfected its security interests by filing under the Uniform Commercial Code. Subsequent to default on the purchaser's part, plaintiff commenced an action to recover for goods sold and delivered, the sum of $1,761,673.82 representing the amount allegedly due on the machinery, and to foreclose the security interest. Defendant admitted defaults beyond September 22, 1974. In response to plaintiff's motion for seizure of the chattels securing the purchase agreements, defendant cross-moved under CPLR 7103 (subd [b]) to the effect that if plaintiff's motion be granted, the machinery should be impounded "in place" by the Sheriff *pendente lite* against a $250 bond to indemnify the Sheriff for his expenses. Special Term denied plaintiff's motion on the ground that the agreement failed to provide in the default provisions that plaintiff may take immediate possession of the machinery. However, there is no requirement that an express right to immediate possession of the collateral appear in the default provisions of the contract because such right emanates as a matter of statutory law to the secured party upon the occurrence of a default by the buyer (Uniform Commercial Code 9-503). Defendant's conclusory assertions that plaintiff itself had breached the agreements by disclosing, contrary to its undertaking, the existence and terms of the agreements between the parties, is not sufficiently demonstrated in an evidentiary fashion to preclude the relief requested by plaintiff in its motion. Having concluded that plaintiff is entitled to an order of seizure under CPLR 7102, we note that the relief demanded by defendant in its cross motion is not compatible with the section (CPLR 7103, subd [b]) under which the cross motion was made. Under CPLR 7103 (subd [a]), the defendant may reclaim the chattel by posting an undertaking in an amount not less than twice the value of the chattel stated in the plaintiff's affidavit (CPLR 7102, subd [e]). Although defendant viewed the value of the collateral to be $3,471,006, CPLR 7102 (subd [e]) specifies that the undertaking be fixed at two times the plaintiff's valuation of $2,973,000. Clearly, defendant may not circumvent the provisions for reclaiming a chattel under CPLR 7103 (subd [a]) by resorting to

CPLR 7103 (subd [b]). Settle order on notice. Concur—Markewich, J. P., Lupiano, Birns and Capozzoli, JJ.