OPINION OF THE COURT
John R. Cannizzaro, J.
Defendant herein moves for an order “vacating” this action and directing plaintiff to return an automobile that it seized pursuant to the terms of a secured financing agreement.
For purposes of clarification, this court shall first consider defendant’s request for vacatur or dismissal of the action and then consider his request for return of the automobile seized by plaintiff.
With respect to that portion of the motion which requests dismissal, this court cites its decision dated May 3, 1984, wherein plaintiff was granted a prejudgment order of seizure pursuant to CPLR 7102. As a consequence of that decision, plaintiff was entitled to use the services of a Sheriff to seize the auto, and such Sheriff would be empowered to breach the peace, i.e., use reasonable force, if necessary, to effectuate the seizure. However, before the Sheriff could act, prior notification of the impending seizure was mandated by CPLR 7102.
In fact, plaintiff did not retain a Sheriff to seize the property. Instead, plaintiff, by its own agent, peaceably seized the auto pursuant to the terms of the financing agreement executed by *608 defendant. Plaintiff served no prior notice of this seizure upon defendant.
As a consequence of plaintiff’s actions, defendant brings the instant motion before this court.
Defendant argues that plaintiff’s seizure of the automobile was violative of this court’s prior decision, since, pursuant to that decision, plaintiff could only seize the chattel by use of a Sheriff and by fulfilling the notice requirements set by CPLR 7102.
Plaintiff contends, however, that the prior decision only afforded an option to plaintiff to seize the chattel through a Sheriff and that plaintiff was not precluded from exercising any other legitimate option in order to reclaim the property.
The court is compelled to agree with the plaintiff. Defendant’s arguments fail to acknowledge the limited scope of the court’s prior decision. At that time, the court merely granted plaintiff the permission to pursue the option of using the services of a Sheriff to claim the auto. In granting the prejudgment order of seizure, this court never restricted pláintiff from pursuing other legitimate methods of reclaiming the property.
Furthermore, this court is convinced that the peaceable method of seizure used by plaintiff was indeed a legal remedy available to plaintiff, and such remedy did not require prior notice of the impending seizure. “Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.” (UCC 9-503; Frost v Mohawk Natl. Bank, 74 Misc 2d 912 [1973]; General Elec. Credit Corp. v Marcella’s Appliances Sales & Servs., 66 AD2d 927 [1978]; Crouse v First Trust Union Bank, 86 AD2d 978 [1982].)
Further, there is no authority to support defendant’s argument that once a CPLR 7102 order is granted, the plaintiff is precluded from exercising other options for the seizure of chattel. (See, MGD Graphic Systems v New York Press Pub. Co., 52 AD2d 815 [1976], affd 42 NY2d 1018 [1977]; General Motors Acceptance Corp. v Berg & Duffy, 118 Misc 2d 523 [1983].)
As a result of the above, this court finds no factual basis from which to conclude that plaintiff has violated any terms of this court’s previous order.
As such, there is insufficient support for defendant’s request for “vacating” or dismissing this action. That motion is therefore denied.
*609 With respect to defendant’s request for a court order for the return of his auto, that motion is also denied. As indicated above, it appears that plaintiff’s seizure of the property was within the purview of the financing agreement executed by defendant and in accord with the terms of the Uniform Commercial Code. Thus, there is no basis to indicate that the seizure was illegal or should be judicially reversed.
Finally, defendant’s support memorandum indicates that defendant believes he has a claim for personal property allegedly stored in the auto at the time of the seizure.
Plaintiff has indicated, before this court, its intent to return, on request, any property contained in the auto. However, should defendant wish to pursue his claim, he has adequate remedies at law which are unrelated to the instant proceeding.