■ In the Matter of BUD-LEE SKI CENTERS, INC., Doing Business as SILVERMINE SKI CENTER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 67237.)—In a claim to recover damages for loss of personal property, claimant appeals from a judgment of the Court of Claims (McCabe, J.), entered September 19, 1984, which, after a trial on the issue of liability only, dismissed the claim.

Judgment affirmed, with costs.

Claimant entered into an agreement with defendant State pursuant to which claimant was licensed to operate a ski area at Harriman State Park. The agreement gave the State a continuing lien on claimant's personal property which, upon claimant's default, could be seized by the State.

By December of 1980, claimant was in default of more than $10,000 due the State under the license agreement. Claimant advised the State, on December 12 and 15, 1980, that because of financial difficulties, it would not be able to operate the ski area during the 1980 to 1981 ski season. Upon being so advised, the State exercised its contractual right to take possession of claimant's property until such time as claimant cured the default. Additional locks were placed on all buildings at the site and the windows and doors were covered with plywood and nailed shut. The area was also regularly patrolled by Parks Commission officers.

While the State was in possession of claimant's property,

one of the buildings was burglarized and equipment alleged to be worth approximately $35,000 was stolen. In addition, the State released to secured and judgment creditors of claimant various property held by the State pursuant to its lien.

The Court of Claims determined that claimant failed to establish that the State breached its duty to properly store and maintain claimant's property and, accordingly, dismissed the claim. We affirm.

Under both the common law and the Uniform Commercial Code, a secured party has a duty to exercise reasonable care in the custody and preservation of collateral in its possession *(see, Federal Deposit Ins. Corp. v Marino Corp.,* 74 AD2d 620; *Grace v Sterling, Grace & Co.,* 30 AD2d 61; Uniform Commercial Code § 9-207 [1]). The obligation remains the same regardless of whether the secured party came into possession of the property before or after the debtor's default (Uniform Commercial Code § 9-207, comment). The mere fact that the property was stolen while in possession of the State does not establish the State's liability to claimant. A secured party or lienor is liable for damages arising out of the theft of collateral in its possession only if the theft was occasioned by the failure of the secured party or lienor to exercise reasonable care in the custody and preservation of the collateral *(see, Ouderkirk v Central Natl. Bank,* 119 NY 263; *cf. Jacobs v Alrae Hotel Corp.,* 4 AD2d 201, *affd* 4 NY2d 769, *rearg denied* 4 NY2d 879). Claimant has failed to establish that the precautions taken by the State to safeguard the property were not reasonable. Mere conclusions or unsupported assertions are insufficient *(Sun Yau Ko v Lincoln Sav. Bank,* 99 AD2d 943, *affd* 62 NY2d 938).

Similarly, claimant has failed to establish that the State breached its duty when it permitted the removal of claimant's property by secured and judgment creditors of claimant. In fact, claimant conceded at oral argument of this appeal that the State was not negligent in releasing the property to Elan-Monark Sporting Goods, a judgment creditor of claimant, which had secured a court order directing that the State turn over the property. With respect to the repossession of claimant's property by Gil-Ed Corporation, a secured creditor of claimant, we note that Gil-Ed had both a contractual right and a statutory right to take possession of the collateral upon claimant's default *(see, MGD Graphic Sys. v New York Press Pub. Co.,* 52 AD2d 815, *affd* 42 NY2d 1018; Uniform Commercial Code § 9-503). State officials ascertained the legitimacy of Gil-Ed's claim prior to permitting the repossession of the

collateral, and then obtained receipts for each item of property taken. The Court of Claims properly determined that these facts do not give rise to a cause of action against the State *(see, Kaufman v Simons Motor Sales Co.,* 261 NY 146).

We have reviewed claimant's remaining contentions and find them to be without merit. Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.