■ LEBAN STORE FIXTURE CO., INC., Respondent, v AUGUST PROPERTIES, Doing Business as POETS CORNER SHOPPING CEN-

TER, et al., Appellants.—In an action to recover damages for conversion of personal property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Becker, J.), entered September 14, 1984, which, after a nonjury trial, awarded the plaintiff the principal sum of $16,536, and dismissed their counterclaims.

Judgment affirmed, with costs.

The plaintiff, pursuant to a conditional sales agreement, sold certain equipment and other personal property to Picnic Parlor of Westbury, Inc. (hereafter Picnic Parlor). To secure the unpaid purchase price, the plaintiff retained and perfected a security interest in the property sold. The collateral was located in a certain premises that was owned by the defendant August Properties, Inc. (hereafter August) and leased by Picnic Parlor. On November 1, 1982, Picnic Parlor abandoned the premises and thereafter defaulted on its obligations under the conditional sales agreement and its lease. Representatives of the plaintiff and August met on November 2, 1982 to discuss the situation. An agreement was reached whereby the equipment would remain on the premises while both parties would seek out a new tenant.

Several prospective tenants surveyed the premises during November 1982. However, the plaintiff, in an effort to obtain title to the goods in question, arranged for an auctioneer's sale, which was held on December 8, 1982. The plaintiff successfully bid on the goods and received an auctioneer's bill of sale. The next day, the plaintiff received a letter from August, dated December 2, 1982, requesting that plaintiff: (1) pay rent arrears, (2) provide workers' compensation, property damage and personal injury insurance, and (3) provide a cash bond as security for removal of the equipment. August also requested proof of the plaintiff's ownership of the equipment. The plaintiff complied, by letter dated December 14, 1982, with the requests for the posting of a cash bond and proof of ownership; however, the plaintiff refused to pay rent or provide insurance, as it was not the tenant. As August refused to allow the plaintiff to remove the equipment unless all of the demands included in the letter dated December 2 were met, the plaintiff instituted this conversion action. The plaintiff also brought suit against the lessors of the premises as joint tort-feasors.

After a nonjury trial, the court determined that the defendants were liable for conversion. The court found that August, as owner of the real estate, should not have prevented the plaintiff, a secured creditor, from removing collateral located

therein because it did not pay rent and provide insurance. At most, the owner of real estate may request proof of ownership and the posting of a bond to secure the costs of removal. Therefore, the court concluded that August unreasonably interfered with the plaintiff's immediate right to possession (see, UCC 9-503) and was liable for conversion.

We agree. Upon Picnic Parlor's default, plaintiff obtained an immediate right to possession of the collateral pursuant to UCC 9-503 (see, MGD Graphic Sys. v New York Press Pub. Co., 52 AD2d 815, affd 42 NY2d 1018; General Motors Acceptance Corp. v Ayanru, 126 Misc 2d 607). Although the owner of the real estate is granted the right to reimbursement for the costs of removal and proof of the secured party's interest in the collateral where, as here, the default is committed by a lessee (see, UCC 9-313; Nu-Way Distrib. Corp. v Schoikert, 44 AD2d 840, 841; Dry Dock Sav. Bank v DeGeorgio, 61 Misc 2d 224, 226), a landlord is not entitled to refuse permission to remove the collateral if the secured party complies with the requirements of UCC 9-313 (8). We agree with the trial court that August's refusal to allow the plaintiff to remove the collateral was an unreasonable interference with the plaintiff's immediate right to possession.

We have reviewed the defendant's other contentions and find them to be without merit. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.