392

[599 NYS2d 137]

M & M Development, Inc., et al., Plaintiffs, v LS Monticello JV, Inc., et al., Defendants. (Action No. 1.)

Paul Roth et al., as Trustees, Appellants, v Ryland Group, Inc., Respondent, et al., Defendants. (Action No. 2.)

Third Department, June 10, 1993

APPEARANCES OF COUNSEL

*Gilmartin, Poster & Shafto,* New York City *(Michael C. Lambert, Harold S. Poster* and *William K. Sheehy* of counsel), for appellants.

*Patricia C. Delaney,* Commack, for respondent.

### OPINION OF THE COURT

MERCURE, J.

Defendant LS Monticello JV, Inc. (hereinafter LS) mortgaged two vacant parcels of real property in the Village of Monticello, Sullivan County, to plaintiffs Paul Roth and Michael Wynston (hereinafter plaintiffs) to secure indebtedness totaling $1 million. The mortgages, consolidated by an instrument recorded on February 6, 1989, secured the mortgaged premises and after-acquired improvements. On March 7, 1990, LS ordered five two-story modular townhouses from defendant Ryland Group, Inc. (hereinafter defendant). At the same time, LS executed a $140,000 promissory note to defendant, secured by the modular homes. Defendant filed financing statements with the County Clerk on March 13, 1990 and with the Secretary of State on March 14, 1990. Upon LS' default on its obligations to plaintiffs and defendant, plaintiffs commenced action No. 2 to foreclose its consolidated mortgage. In its answer, defendant asserted an affirmative defense and counterclaim for judgment determining that its perfected purchase-money security interest in the five townhouses had priority over plaintiffs' mortgage pursuant to UCC 9-313. Ultimately, Supreme Court denied plaintiffs' motion and granted defendant's cross motion for summary judgment and, as relevant to this appeal, adjudged that defendant's security interest in the five townhouses had priority over plaintiffs' mortgage and directed the sale of the mortgaged premises subject to defendant's security interest. Plaintiffs appeal.

Because there is no dispute that the townhouses were actually attached to the real estate with the intent that the annexation be permanent, we agree with Supreme Court that the modular homes constitute "fixtures" as defined by UCC 9-313 (1) (a) *(see, Norstar Leasing Servs. v Colonie Coliseum Enters.,* 145 Misc 2d 388, 390; 59 NY Jur 2d, Fixtures, § 2, at 608). That being the case, defendant's perfected security interest is entitled to priority pursuant to UCC 9-313 (4). We reject

plaintiffs' contention that no security interest was created because the units fall within the exception of UCC 9-313 (2) applicable to "ordinary building materials incorporated into an improvement on land". In our view, there is little support in logic or in law for the premise that because premanufactured modular structures are fabricated from ordinary building materials, such as wood, wallboard, aluminum siding, windows, doors and plumbing and electrical materials and components, the structures themselves constitute ordinary building materials. To the contrary, this Court has previously held, in a sufficiently analogous context, that raw materials lose their identity as such when incorporated into preengineered building components *(Matter of Morton Bldgs. v Chu,* 126 AD2d 828, 829, *affd on mem below* 70 NY2d 725). Unlike ordinary building materials, which cannot be removed from a completed structure without substantial destruction, the record establishes that the modular structures supplied by defendant can be disassembled and removed from the site without damage to the foundation and other site improvements *(see,* UCC 9-313 [8]; *cf., Dry Dock Sav. Bank v DeGeorgio,* 61 Misc 2d 224).

WEISS, P. J., MIKOLL, LEVINE and MAHONEY, JJ., concur.

Ordered that the order and judgment is affirmed, with costs.