NATWEST BANK N.A., Respondent, v IRA GRAUBERD et al., Appellants. [644 NYS2d 246]

Summary judgment should have been denied on the ground that triable issues of fact were raised as to the commercial reasonableness of plaintiff bank's conduct regarding the preservation of its collateral, which included assets of the Pan-American Diamond Corp. ("PAD") (*see, Marine Midland Bank*

*v CMR Indus.*, 159 AD2d 94). Contrary to plaintiff bank's assertion, a lender's obligation to deal in a commercially reasonable manner with collateral securing a loan may not be waived by a guarantor as a matter of law (*see, supra,* at 106-107; *Weinsten v Fleet Factors Corp.*, 210 AD2d 74).

Defendants submitted ample proof that plaintiff acted in a less than commercially reasonable manner by, *inter alia,* failing to exercise reasonable care in the custody and preservation of collateral in its possession; by entering into an Intercreditor Agreement whereby it agreed to share funds recovered from PAD with other lenders; by joining in the involuntary petition against PAD; and by supporting the appointment of a trustee in bankruptcy who had little or no experience in the gold and diamond jewelry industry, PAD's area of business. Plaintiff's alleged commercially unreasonable conduct will purportedly result in a substantial loss in the recovery on PAD's assets; the amount of such damage due to plaintiff's conduct would also be a triable issue of fact (*see, Marine Midland Bank v CMR Indus., supra,* at 107).

We have considered the parties' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.