■ CHEMICAL BANK, Respondent, v GEM TRAK, INC., et al., Appellants. [648 NYS2d 324] —In an action to recover on a promissory note and guarantees, the defendants appeal from (1) an order of the Supreme Court, Kings County (Shaw, J.), dated April 19, 1995, which granted the plaintiff's motion for summary judgment on the complaint and dismissed the counterclaims against it; and (2) a judgment of the same court entered June 5, 1995, which is in favor of the plaintiff and against the defendants in the principal sum of $71,400.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

We agree with the defendants that the waiver clause in the defendant Alan Stern's guaranty did not relieve the plaintiff bank of its duty to act with due diligence, reasonableness, and care with respect to the stock it held as collateral for the defendants' loans (see, Marine Midland Bank v CMR Indus., 159 AD2d 94; see also, NatWest Bank v Grauberd, 228 AD2d 337). However, the defendants' conclusory assertions regarding the stock's decline in value were insufficient to create a triable issue of fact as to the commercial reasonableness of the bank's conduct regarding the preservation of the stock (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067; Naugatuck Sav. Bank v Gross, 214 AD2d 549). Mangano, P. J., Miller, Ritter and Altman, JJ., concur.