■ VINCENT G. BERGER, JR., et al., Respondents, v PETER ALEXOPOULOS, Appellant, et al., Defendant. [721 NYS2d 81] —In an action, *inter alia,* to recover damages for conversion, the defendant Peter Alexopoulos appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 28, 1999, which, upon an order of the same court (Gowan, J.), dated January 20, 1998, granting the plaintiffs' respective motions for summary judgment and upon a jury verdict on the issue of damages, is in favor of the plaintiffs and against him in the principal sum of $45,000.

Ordered that the judgment is affirmed, with costs.

When a debtor has defaulted on an obligation for which fixtures or goods, located on real property owned by a third-party, have been given as collateral, the secured party may remove that collateral from the property. However, the secured party must reimburse the owner of the real property for the costs of repair or any physical injury to it caused by the removal of the fixtures or goods (*see,* UCC 9-313 [8]). In this regard, the owner may require the secured party to post a bond to cover any repairs or injury to the property (*see, Leban Store Fixture Co. v August Props.,* 117 AD2d 782, 784).

The appellant, Peter Alexopoulos, the owner of the subject real property, did not demand that the plaintiffs, the secured parties, post a bond. Rather, he demanded, in contravention of the requirements of the Uniform Commercial Code, that the plaintiffs pay rent and obtain liability insurance as a condition for removal of their collateral from his premises. The appellant's claim that he did not know who owned the collateral is belied by the record, which reveals that he knew of the plaintiffs' interest in the collateral by virtue of his involvement in a bankruptcy proceeding commenced by the debtor, his former tenant. Consequently, the court, by order dated January 20, 1998, properly granted the plaintiffs' separate motions for summary judgment on their respective causes of action to recover damages for conversion against the appellant.

The appellant's remaining contentions are either unpreserved for appellate review or are without merit. S. Miller, J. P., McGinity, Feuerstein and Smith, JJ., concur.