■ GENERAL TRADING CO., INC., Respondent, v M & R ASSOCIATES et al., Appellants. [762 NYS2d 274] —In an action to recover

damages for conversion, the defendants appeal from an order of the Supreme Court, Nassau County (Martin, J.), entered December 18, 2002, which granted the plaintiff's motion for an extension of time in which to file a note of issue and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant M & R Associates, and its principal partner, the defendant Murray Grafstein, owned certain real property which was leased to a nonparty supermarket. The defendants evicted the supermarket for nonpayment of rent. The defendants were aware that the plaintiff General Trading Co., Inc. (hereinafter General Trading), a wholesale grocery supplier, held a security interest in the supermarket's merchandise, fixtures, and equipment (hereinafter the collateral) remaining on the premises. Over a period of several months, the parties communicated by letter and telephone regarding the removal of the collateral. A walk-through inspection was performed, but the collateral was never removed. Approximately five months after the eviction of the supermarket, General Trading learned that the defendants had disposed of the merchandise, and that they may have been offering the equipment for sale. General Trading then brought this action seeking damages for conversion of the collateral.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. In response to the defendants' prima facie showing of entitlement to judgment as a matter of law (see *Zuckerman v City of New York,* 49 NY2d 557 [1980]), General Trading raised a triable issue of fact as to whether, upon demand, the defendants refused to allow it access to the collateral (see *Matter of White v City of Mount Vernon,* 221 AD2d 345 [1995]; *Mauro v Andrews,* 200 AD2d 392 [1994]; *Independence Discount Corp. v Bressner,* 47 AD2d 756, 757 [1975]).

The defendants' remaining contentions are without merit. Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.