■ WALLKILL MEDICAL DEVELOPMENT, LLC, et al., Respondents, v SWEET CONSTRUCTORS, LLC, Appellant. [919 NYS2d 905]—

In an action, inter alia, to enforce a trust pursuant to Lien Law article 3-A and to recover damages for conversion, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), entered December 23, 2009, which, after a nonjury trial, and upon a decision of the same court dated December 8, 2009, is in favor of the plaintiffs and against it in the principal sum of $61,081.40.

Ordered that the judgment is affirmed, with costs.

The plaintiffs were awarded a judgment in the principal sum of $61,081.40, representing the amount owed by the defendant to an architectural firm, which was a subcontractor retained by the defendant, the general contractor for the subject project. The plaintiffs provided funds to the defendant pursuant to requisitions submitted by the defendant, inter alia, for the purpose of making payments to the architectural firm for its work on the project. The trial court, inter alia, determined that the plaintiffs were subrogees of the architectural firm's claim against the defendant, and thus possessed standing to maintain an action pursuant to Lien Law article 3-A.

Contrary to the defendant's contention, the plaintiffs had standing to assert a cause of action pursuant to Lien Law article 3-A to enforce a trust and to recover damages for conversion. The plaintiff Wallkill Medical Development, LLC, had entered

into an agreement, which was required by the plaintiffs' bank in order to obtain financing for the subject project, whereby it was compelled to deposit $74,000 in escrow, which would be paid to the defendant's architectural subcontractor. By virtue of this escrow agreement, the plaintiffs established that they acted in a manner which was necessary to protect their "own . . . economic interests." Accordingly, the plaintiffs were subrogees of the defendant's architectural subcontractor and had standing to maintain a cause of action pursuant to Lien Law article 3-A in their own names (*see Broadway Houston Mack Dev., LLC v Kohl*, 71 AD3d 937 [2010]; Lien Law § 77 [1]; *J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc.*, 15 AD3d 444, 447 [2005]).

The trial court also correctly determined that the plaintiffs were entitled to a money judgment on their cause of action alleging conversion. The plaintiffs established that they had ownership, possession, and control of "specifically identifiable funds and that the defendant exercised an unauthorized dominion over such funds to the exclusion" of the plaintiffs' rights (*Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 592 [2007]; *see Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1006 [2009]; *Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro*, 187 AD2d 384, 385 [1992]; *Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 124 [1990]).

The parties' remaining contentions either need not be addressed in light of our determination or are without merit. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.