NATIONAL CENTER FOR CRISIS MANAGEMENT, INC., et al., Respondents, v MARIA LERNER, Appellant. [938 NYS2d 138]—

"To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights" (*Cusack v American Defense Sys., Inc.*, 86 AD3d 586, 587 [2011]; *see Messiah's Covenant Community*

*Church v Weinbaum*, 74 AD3d 916, 919 [2010]). " 'Tangible personal property or *specific money* must be involved' " (*Batsidis v Batsidis*, 9 AD3d 342, 343 [2004], quoting *Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]; *see Wallkill Med. Dev., LLC v Sweet Constructors, LLC*, 83 AD3d 695, 696 [2011]).

Here, the plaintiffs, a network of corporations engaged in the health care industry, commenced an action sounding in conversion against the defendant, an individual formerly employed by them as a bookkeeper and executive director. They alleged, inter alia, that they sustained damages as a result of the defendant failing to return certain documents, computer programs, and other financial materials which she has intentionally withheld in her possession since her employment ended in April 2008. They further alleged that while employed, she destroyed certain material without authority and, additionally, that she knowingly drafted checks in her name over and above authorized amounts and, thus, wrongfully converted an undetermined sum of money from the plaintiffs' corporate bank accounts.

The defendant satisfied her prima facie burden of establishing her entitlement to judgment as a matter of law dismissing the complaint. In the defendant's deposition testimony and affidavits submitted in support of her motion, she stated that she had returned materials belonging to the plaintiffs, that she was authorized to discard certain material after inputting the information derived therefrom onto the plaintiffs' computer, and, that despite being authorized to draft checks in her own name, she could not have converted money from the plaintiffs' accounts since she never signed any checks as she lacked the authority to do so. In response, however, the plaintiffs raised triable issues of fact. The plaintiffs disputed that the materials were ever returned, despite requests for the defendant to do so. The plaintiffs further contended that, contrary to the defendant's affirmation, she was not authorized to discard certain material belonging to the plaintiffs, and further, that despite the defendant's lack of check-signing authority, she nevertheless drafted checks over and above amounts authorized and submitted them to her husband, who signed them. Her husband had been another principal for the plaintiffs prior to his resignation, which also occurred in April 2008.

Additionally, the Supreme Court properly declined to consider a DVD recording submitted by the defendant in support of her motion for summary judgment, as it cannot be concluded that the video recording truly and accurately represented what the defendant purported it to show (*see Zegarelli v Hughes*, 3 NY3d

64, 69 [2004]; *see also People v Patterson*, 93 NY2d 80, 85 [1999]; *cf. People v Byrnes*, 33 NY2d 343, 349 [1974]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint (*see General Trading Co. v M & R Assoc.*, 307 AD2d 251, 252 [2003]). Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.