In an action, inter alia, to recover damages for conversion and unjust enrichment, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated September 3, 2013, as granted those branches of the motion of the defendants Daniel O’Donnell and Jodi Girl Enterprises, Inc., which were pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them and for summary judgment on the counterclaim of the defendant Daniel O’Donnell insofar as asserted against the plaintiffs Michael T. Nugent and 52 Phoenix Mgmt. Corp.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Daniel O’Donnell and Jodi Girl Enterprises, Inc., which was for summary judgment on the counterclaim of the defendant Daniel O’Donnell insofar as asserted against the plaintiffs Michael T. Nugent and 52 Phoenix Mgmt. Corp., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
“Under both the common law and the Uniform Commercial Code, a secured party has a duty to exercise reasonable care in the custody and preservation of collateral in its possession. The obligation remains the same regardless of whether the secured *894 party came into possession of the property before or after the debtor’s default” (Marine Midland Bank v CMR Indus., 159 AD2d 94, 102 [1990], citing UCC 9-207 [internal quotation marks and citations omitted], and Matter of Bud-Lee Ski Ctrs. v State of New York, 116 AD2d 715, 716 [1986]).
“After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing” (UCC 9-610 [a]). “Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable” (UCC 9-610 [b] ). A secured party that disposes of collateral under section 9-610 is required to send to, among others, the debtor and any secondary obligor, notification of disposition (see UCC 9-611 [b], [c] ).
The Supreme Court erred in granting that branch of the motion of the defendants Daniel O’Donnell and Jodi Girl Enterprises, Inc. (hereinafter together the movants), which was for summary judgment on O’Donnell’s counterclaim insofar as asserted against the plaintiffs Michael T. Nugent and 52 Phoenix Mgmt. Corp., which counterclaim seeks to recover on a promissory note and guaranty. In response to the movants’ prima facie showing of entitlement to judgment as a matter of law (see Manufacturers & Traders Trust Co. v Capital Bldg. & Dev., Inc., 114 AD3d 912, 912-913 [2014]; Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 706 [2011]), the plaintiffs raised a triable issue of fact as to the commercial reasonableness of O’Donnell’s conduct regarding the preservation of the collateral securing the promissory note (see UCC 9-207, 9-610, 9-627; General Trading Co. v M & R Assoc., 307 AD2d 251, 252 [2003]; Marine Midland Bank v CMR Indus., 159 AD2d at 102; MTI Sys. Corp. v Hatziemanuel, 151 AD2d 649, 650 [1989]). Contrary to the movants’ contention, O’Donnell, as the secured party, was obligated to exercise reasonable care in the custody and preservation of collateral in his possession (see Marine Midland Bank v CMR Indus., 159 AD2d at 102, citing UCC 9-207, and Bud-Lee Ski Ctrs., Inc. v State of New York, 116 AD2d at 716). We reject O’Donnell’s claim that, although he was the secured party, he was not actually in possession of the collateral and, thus, had no obligation to maintain and preserve it. It was undisputed that the defendant Jodi Girl Enterprises, Inc. (hereinafter JGE), an entity owned and controlled by O’Donnell, was in possession of the collateral. A secured party such as O’Donnell has an immediate right to possession of his or her collateral, and can enforce that right against a third *895 party in possession such as JGE (see UCC 9-609; General Trading Co. v M & R Assoc., 307 AD2d 251 [2003]; Berger v Alexopoulos, 280 AD2d 505 [2001]). O’Donnell’s ownership and control of JGE made his enforcement of that right a simple matter. Additionally, contrary to the movants’ contention, the waiver clause in the guaranty executed by, among others, the plaintiff Michael T. Nugent, did not relieve O’Donnell of his duty to act in a commercially reasonable manner with respect to the property that he held as collateral (see Chemical Bank v Gem Trak, 232 AD2d 355 [1996]; NatWest Bank v Grauberd, 228 AD2d 337, 337-338 [1996]).
However, the Supreme Court properly granted that branch of the movants’ motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them. “To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff’s claim” (Teitler v Pollack & Sons, 288 AD2d 302, 302 [2001]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). The complaint asserted causes of action against the movants alleging conversion and unjust enrichment. “In order to establish a cause of action to recover damages for conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question ... to the exclusion of the plaintiff’s rights” (Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d 822, 824 [2015] [internal quotation marks omitted]; see National Ctr. for Crisis Mgt., Inc. v Lerner, 91 AD3d 920, 920 [2012]; Cusack v American Defense Sys., Inc., 86 AD3d 586, 587 [2011]). In addition, “[t]he essential inquiry in any action for unjust enrichment ... is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered” (Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972]). Here, the documentary evidence conclusively established that the movants did not exercise unauthorized dominion over certain property, including, but not limited to, the collateral, in which the plaintiffs allegedly had an ownership interest, and that it would not be against equity and good conscience to permit the movants to retain what is sought to be recovered (see Mackey Reed Elec., Inc. v Morrone & Assoc., PC., 125 AD3d at 824; Schottland v Brown Harris Stevens Brooklyn, LLC, 107 AD3d 684, 686 [2013]; CCCLF, Inc. v Bonin, 83 AD3d 759 [2011]; see also Korsinsky v Rose, 120 AD3d 1307, 1308-1309 [2014]; Green *896 Complex, Inc. v Smith, 107 AD3d 846, 849 [2013]; Matter of Channel Mar. Sales, Inc. v City of New York, 75 AD3d 600, 601 [2010]).
Moreover, to the extent that the plaintiffs’ equitable cause of action alleging unjust enrichment is based on O’Donnell’s conduct with respect to the collateral securing the promissory note, that cause of action is not viable, since a contractual obligation articulated in the loan documents governs that dispute. “Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded” (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]; see Air & Power Transmission, Inc. v Weingast, 120 AD3d 524, 526 [2014]; McMorrow v Angelopoulos, 113 AD3d 736, 739 [2014]; Roman v Emigrant Sav. Bank-Brooklyn/Queens, 111 AD3d 692, 694 [2013]). Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.