■ Hilary Kolodin, Also Known as Hilary Kole, Respondent, v John R. Valenti, Also Known as Gianni Valenti, et al., Defendants, and Howard Weiss, Appellant. Hilary Kolodin, Also Known as Hilary Kole, Respondent, v John R. Valenti, Also Known as Gianni Valenti, Appellant, et al., Defendants. [47 NYS3d 14]—

Order, Supreme Court, New York County (Ellen Coin, J.), entered October 28, 2015, which denied defendant Valenti's motion for partial summary judgment dismissing the causes of action in the second amended complaint for constructive trust and an accounting, conversion and unjust enrichment with respect to an individual investment account held in said defendant's name, and which denied defendant Weiss's motion for summary judgment dismissing the malpractice claim against him, unanimously modified, on the law, to grant

Valenti's motion only to the extent of dismissing the cause of action for conversion, and to grant defendant Weiss's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Weiss.

The motion court correctly found that, contrary to defendant Valenti's contention, plaintiff's affidavit did not contradict her earlier deposition testimony and that there were issues of fact as to whether plaintiff reasonably relied on the alleged promises of her former paramour, defendant Valenti, when she agreed to transfer her interest in their joint investment account into an account held solely in his name. However, because, giving full credence to the factual allegations of the complaint, defendant Valenti's disposition of the funds so transferred was an exercise of lawful dominion over them, plaintiff has failed to state a cause of action for conversion (see *National Ctr. for Crisis Mgt., Inc. v Lerner*, 91 AD3d 920 [1st Dept 2012]).

With respect to the malpractice claim against the defendant accountant, the record shows that plaintiff was clearly aware of the legal consequences of her action, and that she effected the transfer in at least partial reliance on defendant Valenti's promise that the money would still be hers, a moral obligation rather than a legal one, and out of concern that he could suffer adverse tax consequences if the funds remained in the joint investment account. Thus, the defendant accountant's advice could not have been the proximate cause of plaintiff's claimed loss (see *Herbert H. Post & Co. v Sidney Bitterman, Inc.*, 219 AD2d 214, 223 [1st Dept 1996]). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.