■ BRUCE BANKS, Appellant, v EILEEN BANKS, Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated August 6, 1984, which granted the defendant Eileen Banks' motion for summary judgment dismissing the complaint as against her and denied his cross motion for summary judgment, and (2), as limited by his brief, from so much of an order of the same court, dated March 22, 1985, as, upon granting his motion to renew, adhered to the original determination.

Appeal from order dated August 6, 1984 dismissed. That

order was superseded by the order dated March 22, 1985, made upon renewal.

Order dated March 22, 1985, affirmed insofar as appealed from.

The defendant Eileen Banks is awarded one bill of costs.

Special Term acted properly in awarding summary judgment to the defendant Banks. The evidence in the record clearly establishes that the defendant Donald Gordon, rather than the defendant Banks, was the owner of the subject premises on May 2, 1979, the date that the plaintiff sustained injuries thereon. In November 1978, several months prior to the plaintiff's accident, the defendant Banks executed a deed transferring her interest in the demised premises to the defendant Gordon, which deed was duly recorded on January 4, 1979. During his period of ownership, the defendant Gordon proceeded to act consistently with the responsibilities of ownership by making payments on the mortgage on the property, including delinquent arrears, by instituting an eviction proceeding against the plaintiff, who was a tenant on the property, and, in July 1979, by executing a deed transferring his interest in the premises back to the defendant Banks. These facts, when coupled with the presumption that the record title owner of the premises is in fact the owner of the property *(see,* RPAPL 301; *Carpenter v Sickles,* 13 Misc 2d 1025), supports the conclusion that the defendant Banks was not the owner of the premises on the date of the plaintiff's accident thereon and therefore was not in any way responsible for his injuries. In view of the plaintiff's failure to submit any evidence to the contrary, summary judgment dismissing the complaint as against the defendant Banks was proper. Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.