■ JILLONEAL O'NEAL et al., Respondents, v MAYER COHEN, Doing Business as ALL CITY SERVICE STATION, et al., Appellants, STA-MEL LEASING, INC., Respondent, et al., Defendant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the defendants Mayer Cohen and M.G. Auto Sales, Inc., appeal from an order of the Supreme Court, Kings County (Held, J.), dated November 16, 1990, which denied their motion to amend the pleadings to change the caption of the action from "Mayer Cohen d/b/a All City Service Station, [and] John Doe, d/b/a All City Service Station" to "All City Service Station, Inc.", and for leave to serve an amended verified answer.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, the caption of the action is amended by deleting "Mayer Cohen d/b/a All City Service Station, [and] John Doe, d/b/a All City Service Station, M.G. Auto Sales, Inc., Sta-Mel Leasing, Inc. and Mayer Cohen, individually" as defendants and substituting therefor "All City Service Station, Inc., M.G. Auto Sales, Inc., Sta-Mel Leasing, Inc. and Mayer Cohen, individually" as defendants, and it is further,

Ordered that the time for the defendants Mayer Cohen and M.G. Auto Sales, Inc., to serve an amended answer is extended until 30 days after service upon them of a copy of this decision and order with notice of entry.

The infant plaintiff was injured when bitten by a guard dog on property owned by the defendant Mayer Cohen and leased to M.G. Auto Sales, Inc., M.G. Car Rental of Brooklyn, Inc., and M.G. Service Station of Brooklyn. The guard dog was furnished to the corporate lessees by the defendant Sta-Mel Leasing Inc., a/k/a Rogers Security Police, Inc. All City Service Station, Inc., was a corporate entity operating a gas station and mechanics shop at the location prior to Cohen's purchase of the property and there is no challenge to Cohen's claim that no record exists of a business by the name of All City Service Station, Inc., operating at the location at the time of the injury. Further, there is no dispute to Cohen's assertion that All City Service Station, Inc., was the former owner of the premises and that Cohen was not an officer, director, or shareholder in All City Service Station, Inc., or any of the leasing corporate entities.

The original complaint named only "Mayer Cohen d/b/a All City Service Station, John Doe, d/b/a All City Service Station, M.G. Auto Sales, Inc., Sta-Mel Leasing, Inc. and Mayer Cohen, individually" as defendants. It failed to note the other corporate lessees, M.G. Car Rental of Brooklyn, Inc., and M.G. Service Station of Brooklyn as defendants. The appellants' application to amend the caption to delete, among other things, the denomination of Cohen as "Mayer Cohen d/b/a All City Service Station" was denied, as was their application to serve an amended answer to assert the affirmative defense of failure to join the additional lessees of the property as necessary parties.

It is beyond cavil that leave to amend pleadings at any time shall be freely granted (CPLR 3025 [b]). The determination to permit an amendment is committed almost entirely to the court's discretion to be determined on a sui generis basis and, where no prejudice is shown, an amendment may be allowed during or even after trial (see, Murray v City of New York, 43 NY2d 400, 405). Mere lateness is not a barrier to an amendment but significant prejudice must be demonstrated to justify the denial of an application for an amendment (see, Edenwald Contr. Co. v City of New York, 60 NY2d 957; Quiros v Polow, 135 AD2d 697; Scharfman v National Jewish Hosp. & Research Ctr., 122 AD2d 939). While great latitude is to be accorded to the court's determinations, in the case at bar, we find that the denial of the application to amend the caption and serve an amended answer constituted an improvident

exercise of discretion, particularly in light of the absence of any opposition by any of the other parties. Thompson, J. P., Harwood, Balletta, Rosenblatt and Eiber, JJ., concur.