■ SARAH FISHER et al., Respondents, v HENNY BRAUN, Appellant. [643 NYS2d 205] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Feinberg, J.), dated March 13, 1995, which denied her motion for leave to amend her answer to include the defense that she did not own the subject premises and for summary judgment dismissing the complaint on that basis.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for leave to amend the answer, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs payable to the defendant.

The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was for

leave to amend her answer to deny ownership of the premises at the time the accident occurred. Pursuant to CPLR 3025 (b), leave to amend pleadings is to be freely given unless the proposed amendment is palpably improper or would cause substantial prejudice to the opposing party (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Matter of Ward v Bennett,* 214 AD2d 741; *Hunt v Godesky,* 189 AD2d 854; *O'Neal v Cohen,* 186 AD2d 639; *Quiros v Polow,* 135 AD2d 697). Since the proposed amendment in this case was supported by documentary evidence, and the plaintiffs neither alleged nor demonstrated any prejudice as a result thereof, the defendant's request for leave to amend should have been granted.

However, the denial of that branch of the motion which was for summary judgment dismissing the complaint based on the proposed amendment was proper. While liability for a defective condition generally does not extend to a prior owner of the premises (*see, e.g., James v Stark,* 183 AD2d 873; *Banks v Banks,* 121 AD2d 421), an exception exists "where a dangerous condition existed at the time of the conveyance [by the former owner] and the new owner has not had a reasonable time to discover the condition, if it was unknown, and to remedy the condition once it is known" (*Bittrolff v Ho's Dev. Corp.,* 77 NY2d 896, 898; *see, Mullen v Zoebe, Inc.,* 205 AD2d 597; *Farragher v City of New York,* 26 AD2d 494, *affd* 21 NY2d 756). Under the circumstances of this case, and in view of the limited disclosure conducted, questions exist with regard to whether the alleged defective condition was present at the time of the conveyance and, if so, whether the new owners of the premises had a reasonable opportunity prior to the accident to remedy that condition (*see, Slomin v Skaarland Constr. Corp.,* 207 AD2d 639; *Brown v O'Connor,* 193 AD2d 1088; *Young v Hanson,* 179 AD2d 978). Accordingly, resolution of these issues must await further discovery or a trial. Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.