■ KATHLEEN PLASYNSKI, Respondent, v ECONOMIC OPPORTUNITY COUNCIL OF SUFFOLK, INC., Appellant. (And a Third-Party Action.) [658 NYS2d 65] —In an action to recover damages for personal injuries, the defendant Economic Opportunity Council of Suffolk, Inc., appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 20, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Pursuant to a settlement agreement, the defendant Economic Opportunity Council of Suffolk, Inc. (hereinafter EOC), agreed to transfer to Long Island Headstart Child Development Services, Inc., formerly known as Long Island Day Care Services, Inc. (hereinafter LI Headstart), title and ownership of all property and equipment located, among other places, at 116 Walnut Street in Patchogue, New York, as of November 30, 1985. As of that date, LI Headstart was the vendee in possession, and for all practical purposes was the owner of the property with all of the rights of an owner subject only to the terms of the agreement (*see generally, Bean v Walker,* 95 AD2d 70).

Therefore, any liability of EOC for the existence of a dangerous condition on the real property ceased upon transfer of possession and control almost two and one-half years prior to the accident (*see, Fisher v Braun,* 227 AD2d 586; *Slomin v Skaarland Constr. Corp.,* 207 AD2d 639; *James v Stark,* 183 AD2d 873; *Banks v Banks,* 121 AD2d 421). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.