■ MORDECAI BERKUN, Individually and on Behalf of VALIDATION REVIEW ASSOCIATES, INC., et al., Appellants-Respondents, v NATIONAL HEALTH RESOURCES, INC., et al., Respondents-Appellants. [679 NYS2d 907] —In an action, *inter alia*, for an accounting, (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated November 20, 1997, as denied their motion for leave to serve an amended verified complaint and to compel the defendants to respond to outstanding discovery requests, and (2) the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiffs' motion and substituting therefor provisions granting those branches of the motion which were to amend the complaint to include a cause of action sounding in breach of contract and to compel the defendants to respond to outstanding discovery requests and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

It is well settled that leave to amend pleadings should be freely given (*see,* CPLR 3025 [b]). While the decision whether to grant such leave is generally left to the sound discretion of the trial court (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957), in the case at bar, we find that the plaintiffs should have been permitted to amend their complaint to assert a cause of action sounding in breach of contract to recover sums allegedly owed to them for services which they performed, particularly in light of the absence of any prejudice to the defendants (*see, Saxena v New York Prop. Ins. Underwriting Assn.,* 232 AD2d 622; *Fisher v Braun,* 227 AD2d 586). In addition, the court should have granted the plaintiffs additional discovery.

The parties' remaining contentions are without merit. Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.