■ FRANK J. GAIDON et al., Appellants, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent. [707 NYS2d 166] —Upon remittitur from the Court of Appeals, judgment, Supreme Court, New York County (Charles Ramos, J.), entered June 12, 1997, dismissing the complaint, and bringing up for review an order which, in an action arising out of defendant insurer's sale to plaintiffs' insureds of life insurance policies utilizing the "vanishing premium" concept, granted defendant's pre-answer motion to dismiss the complaint, unanimously modified, on the law, so as to reinstate the tenth cause of action of plaintiffs Allen Glass as Trustee, and Barbara Gaidon as Trustee, and as so modified, affirmed, without costs.

As the motion court properly held, plaintiffs Frank C. DeHamer, Nicholas J. DeHamer and Kathleen M. Warner lack standing to sue in view of the clear and unambiguous releases they signed in order to obtain the cash surrender value of the policies. However, the owners and holders of the policy insuring Frank Gaidon signed no such release, and the decision to terminate the policy rather than continue to pay the demanded premiums does not alter their standing to proceed with the action. Although Gaidon lacks standing to sue individually, inasmuch as it was not he who purchased the policy (see, Restatement [Second] of Trusts § 280), his actions in respect to the trustees' decisions related to the policy may be said to constitute the actions of an agent of the trustees. Consequently, the fact that Gaidon was the individual to whom the allegedly deceptive presentation was made does not negate the trustees' ability to make out their cause of action.

We reject defendant's challenge to the action as violative of the Statute of Frauds (General Obligations Law § 5-701 [a] [1]), concluding that a cause of action brought by an individual under General Business Law § 349 does not require a valid contract, and therefore is not precluded where the alleged deceptive practice involves oral promises that cannot be performed within one year.

As to defendant's Statute of Limitations argument, we hold

that although the three-year limitations period of CPLR 214 (2) applies, the cause of action under General Business Law § 349 (h) is timely, inasmuch as it first accrued when plaintiffs first suffered compensable injury. The elements of the cause of action are (1) a deceptive practice in the conduct of a business, (2) by which the plaintiff was injured (*see*, Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General Business Law § 349, at 565). Until an individual plaintiff can plead injury, no cause of action has accrued. We conclude that plaintiffs' cause of action did not accrue until they were notified that they would be charged premiums following the date by which they had been assured that their premium would be covered by dividends. Concur—Wallach, J. P., Lerner, Rubin and Saxe, JJ.