■ GENE REALE, Appellant-Respondent, v SOTHEBY'S, INC., Respondent-Appellant, et al., Defendant. [718 NYS2d 37] —Or-

der, Supreme Court, New York County (Barry Cozier, J.), entered April 17, 2000, which, to the extent appealed from as limited by the briefs, denied in its entirety plaintiff's motion for summary judgment as to liability on the first, fifth, sixth and tenth causes of action, and a portion of the eleventh cause of action, and granted defendant Sotheby's motion for summary judgment dismissing the amended complaint in its entirety to the extent of dismissing the first, third, eighth, ninth, and fifteenth causes of action, and a portion of the eleventh cause of action, and denied the motion insofar as addressed to the fifth, sixth and tenth causes of action and the remainder of the eleventh cause of action, unanimously modified, on the law, to grant defendant Sotheby's summary judgment dismissing the fifth, sixth and tenth causes of action, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 27, 1999, denying defendant Sotheby's motion for an open commission, unanimously dismissed, as academic, without costs.

Plaintiff alleges that defendant Sotheby's, an auction house, committed various breaches of fiduciary duty, breaches of contract, and violations of professional standards in connection with the auction of the coin collection plaintiff consigned to Sotheby's. We find that Sotheby's was entitled to summary judgment dismissing all causes of action here at issue, with one exception.

The motion court correctly granted Sotheby's summary judgment dismissing the first cause of action, based on its failure to disclose to plaintiff that, in estimating prices for plaintiff's coins, it had consulted with an expert plaintiff allegedly told Sotheby's he did not want to have any involvement with the sale, evidently based purely on personal animus toward the expert. Since the parties' consignment agreement gave Sotheby's "absolute discretion as to * * * consulting with any expert," and there is no evidence in the record furnishing objective grounds for objecting to the consultation, the fact of the consultation was not material, as a matter of law, and plaintiff's subjective feelings about the expert afford no grounds for legal relief. The fifth and sixth causes of action, based on Sotheby's failure to disclose that it had been referred to plaintiff by another auctioneer whom plaintiff had also allegedly requested have no involvement in the sale, also evidently based on pure personal dislike, should have been dismissed as well, on the same grounds, and we modify accordingly.

Plaintiff's third cause of action, for Sotheby's alleged negligence in allowing the consulting expert to estimate prices

of the coins without visually inspecting them, was correctly dismissed on the ground that plaintiff failed to adduce any evidence that the expert's failure to visually inspect the collection resulted in lower estimates or otherwise injured plaintiff in any way (*see*, Restatement [Second] of Agency § 379, comment *b*). The absence of any proof of any nonspeculative damages also requires affirmance of the dismissal of the eighth cause of action, based on the scheduling of the auction on the same day as another house's coin auction. Since the date on which the auction of plaintiff's collection was conducted was one of two possible dates expressly set by the consignment agreement, the ninth cause of action, for breach of the implied covenant of good faith and fair dealing, was also correctly dismissed, as was the fifteenth cause of action, based on the inclusion in the consignment agreement of a provision for a withdrawal fee. We modify to dismiss the tenth cause of action, based on Sotheby's failure to disclose the date of the other auction prior to the execution of the consignment agreement, since the record establishes that such information was readily available to plaintiff himself (*cf.*, *Swersky v Dreyer & Traub*, 219 AD2d 321, 327), and there is no evidence that the scheduling of the auction of plaintiff's collection caused any non-speculative out-of-pocket loss (*see, e.g.*, *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 422).

The Supreme Court correctly denied Sotheby's summary judgment dismissing the portion of the eleventh cause of action based on allegations, supported by plaintiff's deposition testimony, that Sotheby's unilaterally set a global reserve for the auction, to which plaintiff allegedly did not agree, contrary to the consignment agreement's provision that reserves were to be set by mutual agreement of the parties prior to the date of sale. The remainder of the eleventh cause of action, based on allegations that Sotheby's failed to disclose to plaintiff that he could have the reserve for any lot set at the low pre-sale estimate, was correctly dismissed as contrary to the plain terms of the consignment agreement and the parties' contemporary correspondence.

Finally, since the testimony of the witness at issue in the order denying Sotheby's motion for an open commission is irrelevant to plaintiff's sole remaining cause of action, we dismiss the appeal from that order as academic. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.