Bello v New England Fin. (2004 NY Slip Op 50520(U))

[*1]

Bello v New England Fin.

2004 NY Slip Op 50520(U)

Decided on May 20, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 20, 2004

Supreme Court, Nassau County
SAVERIO BELLO, Plaintiff,
against
NEW ENGLAND FINANCIAL, NEW ENGLAND LIFE INSURANCE COMPANY, METLIFE, INC., STEIN & KNOX, CREATIVE FINANCIAL PARTNERS, LLC, and GREGORY MEYER, Defendants.
15802-03

COUNSEL FOR PLAINTIFF
Kushnick & Associates, P.C.
445 Broad Hollow Road - Suite 124
Melville, New York 11747
COUNSEL FOR DEFENDANT
(for New England Financial, New England Life Ins. Co. & Metlife, Inc.)
McCarter & English, LLP
245 Park Avenue
New York, New York 10167
(for Gregory Meyer)
D'Amato & Lynch, Esqs.
70 Pine Street
New York, New York 10270

Leonard B. Austin, J.
In December 1999, Saverio Bello ("Bello"), who was then 68 years old,
purchased a single premium Variable Life Policy from New England Life Insurance Company.
Bello asserts that he purchased this policy based upon representations made to him by his son-in-law Defendant Gregory Meyer ("Meyer"), that he would never have to pay another premium on the policy, that the policy's cash value would never decrease and that the policy's death benefit would increase to approximately $500,000.00.
Bello alleges that based upon these representations, he withdrew the sum of $200,000.00 from an individual retirement account and paid the one time premium due on this policy.
The policy was issued on January 27, 2000. The primary beneficiary and owner of the policy was the Saverio Bello Family Trust ("Bello Trust").
When Bello purchased the policy, Meyer was employed by the Defendant, Stein & Knox. Stein & Knox was in the business of providing financial planning and life insurance. Bello alleges that, when Meyer made the allegedly false, misleading or fraudulent representations regarding the policy, he was acting as an employee of Stein & Knox and as an agent for the Defendants New England Life Insurance Company, New England Financial and MetLife, Inc. [*2]Creative Financial Partners, LLC is alleged to be the successor in interest to Stein & Knox.[FN1]
New England Life Insurance Company issued the insurance policy to Bello.
New England Financial's relationship to the transaction involved in this litigation is
unclear. New England Life Insurance Company and New England Financial are alleged to be subsidiaries of MetLife, Inc.
 The premium paid to purchase the policy were invested in mutual funds in accordance with the terms of the policy. The cash value and the death benefits payable pursuant to the terms of the policy vary and were dependent upon the performance of the mutual funds in which the premium was invested and the return on these investments. The policy had a fixed minimum death benefit.
By October 2002, the cash value of the policy had declined to approximately $120,000.00. On October 2, 2002, Bello cancelled the policy and was paid the sum of
$116,342.28, which was the cash surrender value of the policy less the surrender charge set forth in the policy.
Bello commenced this action on October 20, 2003 by filing the summons and complaint with the Nassau County Clerk. The complaint, after making general allegations regarding the parties, their status and relationship alleged five causes of action, to wit: violation of Insurance Law §3209 (first cause of action); negligence (second cause of action); breach of fiduciary duty (third cause of action); breach of contract (fourth cause of action); and unjust enrichment (fifth cause of action). All of the causes of action are based upon the underlying premise that this was not a proper investment for a person of Bello's age and investment needs and that Meyer misrepresented the nature, risks and benefits of a variable life policy. Bello seeks to
recover the sum of $83,657.72 which represents the difference between the amount invested $200,000.00 and the amount he received when he surrendered the policy $116,342.28.
Defendants move to dismiss this action asserting initially that Bello lacks standing to bring this action or, alternatively, that the claim is barred by documentary evidence; is barred by the applicable statutes of limitations; or fails to set forth a cause of action. Plaintiff cross-moves to serve a supplemental summons and amended complaint adding
the Bello Trust as a party Plaintiff and adding additional causes of action alleging violation of General Business Law §349, fraud in the inducement and fraud and misrepresentation.
DISCUSSION
A. Plaintiff's Motion to Add the Saverio Bello Family Trust as a Plaintiff and Defendant's Motion to Dismiss for Lack of Standing
The purchasers, owners and/or holders of a life insurance policy have standing to maintain actions on those policies. Gaidon v. Guardian Life Insurance Company of America, 272 A.D.2d 60 (1st Dept., 2000), aff'd., 96 N.Y.2d 201 (2001); and Heslin v. Metropolitan Life [*3]Ins. Co., 287 A.D.2d 113 (3rd Dept., 2001). As a purchaser of the policy, Bello has standing to bring and prosecute this action.
CPLR 305 and 1003 permit the court to add those who should properly be parties to an action on such terms as may be just. In this case, the Bello Trust, as the owner of the policy, is also a proper party to this action and should be added. See, Schleidt v.
Stamler, 106 A.D.2d 264 (1st Dept., 1984); and McDaniel v. Clarkstown Central District No. 1, 83 A.D2d 624, (2nd Dept., 1981).
Plaintiff's motion to amend the caption should be granted. The Bello Trust will be added as a party Plaintiff. Defendants' motion pursuant to CPLR 3211(a)(3), seeking dismissal of this action on the ground that Plaintiff lacks standing to sue must, therefore, be denied.
B. First Cause of Action - Insurance Law §3209
Insurance Law §3209 prohibits an insurance company from issuing a variable life insurance policy unless the insurance company provides to the prospective purchaser a copy of the most recent buyer's guide and the preliminary information as required by
Insurance Law §3209(d). Bello asserts that he was not provided with either buyer's guide or the preliminary information as required by statute.
CPLR 214(2) imposes a three year statute of limitations on "...an action to recover upon a liability...created or imposed by statute except as provided in sections 213 and 215." Neither CPLR 213 nor CPLR 215 are relevant to this action. CPLR 214(2) applies to all causes of action in which liability is premised upon an obligation, duty or right created by statute and not recognized by the common or decisional law. Hartnett v. New York City Transit Authority, 86 N.Y.2d 438 (1995).
The statute of limitations begins to run when the cause of action accrues. CPLR 203(a). The cause of action accrues "...when all of the facts necessary to the cause of
action have occurred so that the party would be entitled to obtain relief in court (citations omitted)." Aetna Life & Casualty Co. v. Nelson, 67 N.Y.2d 169, 175 (1986). In this case, the obligation to provide Bello with the material required by Insurance Law §3209 arose before the policy was issued on January 27, 2000. Therefore, the cause of action accrued not later than January 27, 2000.
An action is commenced when the summons with notice or the summons and complaint is filed with the County Clerk. CPLR 304. The summons and complaint herein were filed on October 20, 2003.
Since more than three years have elapsed between the time that this cause of action accrued and the action was commenced, the first cause of action which asserts a
claim pursuant to Insurance Law §3209 is time barred by the applicable statute of limitations and must be dismissed.
This action is also subject to dismissal pursuant to CPLR 3211(a)(1) which provides for dismissal of an action where the defense is based upon documentary evidence. A cause of action will be dismissed when the documentary evidence submitted in support of the motion [*4]conclusively establishes a defense as a matter of law. 730 J & J LLC v. Fillmore Agency, Inc., 303 A.D.2d 486 (2nd Dept., 2003); and Berger v. Temple Beth-el of Great Neck, 303 A.D.2d 346 (2nd Dept., 2003).
Policy Paragraph 19 is captioned "Suitability/Disclosure Section." In this section, Bello was asked if he received a prospectus relating to the policy on April 30,
1999. He was also asked whether he was advised and understood that death benefit may increase or decrease but never be less than the guaranteed minimum and that the cash value of the policy may increase or decrease depending upon the return on the policy's investments. Finally, Bello was asked if he believed that this policy will meet his insurance needs and financial objectives. Bello answered "Yes" to all of these
questions. The questions posed and the answers given by Bello conclusively establish that he was provided with the information required by Insurance Law §3209.
Based upon the applicable statute of limitations and the documentary evidence presented, the first cause of action must be dismissed.
C. Second Cause of Action - Negligent Misrepresentation
This cause of action essentially alleges that the Defendants negligently misrepresented the risks involved in purchasing a variable life insurance policy. Bello asserts that given his age and his objective to purchase a risk-free life insurance policy that the Defendants should have advised him of the risks and should have advised him to purchase another type of policy.
Causes of action against to recover damages for the negligence of insurance brokers or agents are governed by a three (3) year statute of limitation established in CPLR 214(4). Chase Scientific Research, Inc. v. NIA Group, Inc., 96 N.Y.2d 20 (2001).
Since the basis of the allegations of negligence relate to the description of the policy given by Meyer, the cause of action accrued no later than the date of issuance of the policy; January 27, 2000. The alleged false representations had to be made prior to the issuance of the policy.
 The policy contains a provision that it could be cancelled and a full refund of the premium obtained if the policy was returned to New England Life or its agent within ten (10) days of the date that the policy was received by Bello, as the insured. The policy
was issued on January 27, 2000. Bello does not claim that he did not receive the policy or that is was received significantly after January 27, 2000.
Since this cause of action accrued more than three years prior to the date on which the action was commenced, it is also barred by the statute of limitations and must be dismissed.
D. Third Cause of Action - Breach of Fiduciary Duty
Defendant also moves to dismiss this cause of action on the grounds that it is time barred and that the complaint fails to state a cause of action.
The relationship between a life insurance company and a policyholder is one in contract. Thus, no fiduciary relationship exists between a life insurance company and its policyholder. Uhlman v. New York Life Ins. Co., 109 N.Y. 421 (1888). See also, Rabouin v. Metropolitan Life Ins. Co., 182 Misc.2d 632 (Sup. Ct., NY Co. 1999), aff'd., 282 A. D. 2d 381 (1st Dept. 2001). Since no fiduciary relationship exists between Bello and New England Financial, New [*5]England Life Insurance Company and/or MetLife, Inc., the third cause of action fails to state a cause of action upon which relief can be granted and must be dismissed.
Nor does the purchase of an insurance policy from an agent or broker give rise to a fiduciary relationship. Paull v. First UNUM Life Ins. Co., 295 A.D.2d 982 (4th Dept.,
2002). See also, Goshen v. The Mutual Life Ins. Co. of New York, 1997 WL 710669 (Sup. Ct., NY Co., 1997), aff'd., 259 A.D.2d 360 (1st Dept.), mod. on other grds, 94
N.Y.2d 330 (1999). An insurance agent has the obligation to obtain the coverage requested by the customer within a reasonable period of time or to inform the customer of the agent's inability to obtain such coverage. Barco Auto Leasing Corp. v. Montano, 215 A.D.2d 617 (2nd Dept., 1995). Since the relationship between Meyer and Bello in this circumstance is one of agent-customer, a fiduciary relationship does not exist.
Therefore, the third cause of action fails to state a cause of action and must be dismissed.
Even if one were to assume that a fiduciary relationship existed between Bello and the Defendants, a cause of action for breach of that fiduciary duty would be barred by the applicable statute of limitations.
The statute of limitations for a cause of action for breach of fiduciary duty is dependent upon the relief requested. If Plaintiff, in the complaint, alleges an equitable claim, then the applicable statute of limitation is six (6) years. CPLR 213 (1). See, Loengard v. Santa Fe Indus., Inc., 70 N.Y.2d 262 (1987); and Langford v. Roman Catholic Diocese of Brooklyn, 271 A.D.2d 494 (2nd Dept., 2000). If Plaintiff seeks legal relief or money damages, in the complaint, the applicable statute of limitations is three (3) years. Dignelli v. Berman, 293 A.D.2d 565 (2nd Dept., 2002); and Yatter v. William Morris Agency, Inc., 256 A.D.2d 260; and CPLR 214(4).
This cause of action accrued, at the latest, when the insurance policy was issued
on January 27, 2000. This action was not commenced until October 2003. The only
relief sought for the breach of the fiduciary duty is money damages. The applicable statute of limitations is three (3) years. This action was not commenced within three years of its accrual. Therefore, it is barred by the statute of limitations and must be dismissed.
E. CPLR 3211(a)(7) - Failure to State A Cause of Action
When deciding such a motion to dismiss for failure to state a cause of action, the court must accept as true all of the facts alleged in the complaint and any evidentiary submissions made in opposition to the motion. 511 West 232rd Street Owners Crop. V. Jennifer Realty Co., 98 N.Y.2d 144 (2002); and Sokoloff v. Harriman Estates Development Corp., 96 N.Y.2d 409 (2001). The court must also give the pleader the benefit of every inference which may be drawn from the pleadings. Leon v. Martinez, 84 N.Y.2d (1994); See also, Dye v. Catholic Medical Center of Brooklyn & Queens, Inc., 273 A.D.2d 193 (2nd Dept., 2000).
On a motion made pursuant to CPLR 3211(a)(7), the court must read the pleading to determine if the pleader has a cause of action and not whether the cause of action has been properly plead. Guggenheimer v. Ginzburg, 43 N.Y.2d 268 (1977); and Rovello v. Orofino Realty Co., 40 N.Y.2d 633 (1976). See also, Kenneth R. v. Roman Catholic Diocese of Brooklyn, 229 A.D.2d 159 (2nd Dept., 1997); and Goldman v. Goldman, 118
A.D.2d 498 (1st Dept., 1986). The court must determine from the facts as plead and the [*6]inferences which can be drawn from those facts whether the pleader has any legally
cognizable cause of action. Frank v. DaimlerChrysler Corp., 292 A.D.2d 118 (1st Dept., 2002).
The factual allegations contained in the complaint are deemed true and afforded every favorable inference, legal conclusions or facts contradicted on the record, however, are not entitled to such a presumption. In re Loukoumi, 285 A.D.2d 595 (2nd Dept., 2001); and Doria v. Masucci, 230 A.D.2d 764 (2nd Dept., 1996). When the movant offers evidentiary material, the court must determine whether the pleader has a valid, sustainable cause of action. Morris v. Morris , 306 A.d.2d 449 (2nd Dept., 2003); and Meyer v. Guinta, 262 A.D.2d 463 (2nd Dept., 1999).
1. Fourth Cause of Action - Breach of Contract
In order to plead a cause of action for breach of contract, the complaint must plead the provisions of the contract upon which the cause of action is based. Rattenni v. Cerreta, 285 A.D.2d 636 (2nd Dept., 2001); and Atkinson v. Mobil Oil Corp., 205 A.D.2d 719 (2nd Dept., 1994). The complaint and the papers submitted in opposition to the Defendants' motion are devoid of any factual allegations regarding what contract was breached or which contractual provisions were violated.
Bello did not have a contractual relationship with either New England Financial or MetLife. Since Bello was not in privity with either of these Defendants, the fourth cause
of action fails to state cause of action against these Defendants and must be dismissed.
Bello did have a contractual relationship with New England Life. However, Bello
does not allege that New England Life violated any provision of the insurance policy. In fact, Bello's action is premised on the fact that New England Life fully complied with the terms of the policy thus causing both the death benefit and cash value of policy to decrease.
Bello also had a contractual relationship with Meyer. However, an insurance agent's obligation to the client is to obtain the requested coverage within a reasonable period of time or to advise the customer of the inability to obtain such coverage. Barco Auto Leasing Corp. v. Montano, supra. In this case, Meyer obtained the precise policy that Bello requested. Bello does not contest this. This action is not premised upon a
breach of contract but rather upon the fact the policy performed in accordance with its terms.
 Therefore, the fourth cause of action fails to state a cause of action upon which must be dismissed as to all Defendants.
2. Fifth Cause of Action - Unjust Enrichment
Unjust enrichment is based upon quasi-contract. A party may not obtain recovery for unjust enrichment unless the written agreement between the parties "...has been rescinded, is unenforceable or abrogated." Waldman v. Englishtown Sportswear, Ltd., 92 A.D.2d 833, 836 (1st Dept., 1983).
In this case, the contractual relationship between Bello and the Defendants has not been rescinded. Nor has it been held to be unenforceable or abrogated. Bello seeks
to recover the difference between the amount he received under the terms of the contract when [*7]he cancelled the contract (the cash surrender value) and the initial premium he paid. Bello cannot enforce the contract and then seek recovery in quasi-contract.
To establish a claim for unjust enrichment, Plaintiff must establish that the Plaintiff performed services for the Defendant which resulted in the Defendant being unjustly enriched. Clark v. Daby, 300 A.D.2d 732 (3rd Dept., 2002); and Kagan v. K-Tel Entertainment, Inc., 172 A.D.2d 375 (1st Dept., 1991). Plaintiff must establish that the services were performed at the request or behest of the Defendant. Clark v. Daby, supra; Prestige Caterers v. Kaufman, 290 A.D.2d 295 (1st Dept., 2002); and Lakeville Pace Mechanical , Inc. v. Elmar Realty Corp., 276 A.D.2d 673 (2nd Dept., 2000).
In this case, Bello has not performed any services for the Defendants. He paid a premium to purchase an insurance policy issued by New England Life. New England Life fully complied with the terms of the policy. While the purchase of a variable life policy may have been an imprudent or unwise investment, none of the Defendants were unjustly enriched by Bello's purchase of this policy. Until it was cancelled, Bello enjoyed the benefits conferred by the policy for which he paid.In deciding a motion made pursuant to CPLR 3211(a)(7), the court must
determine if the pleader has a cause of action, not whether it has been properly plead.
Guggneheimer v. Ginzburg, supra.
While the fifth cause of action is denominated a cause of action for "Unjust Enrichment", it appears, from a reading of the complaint and the papers submitted in regard to this motion, that Plaintiff is actually seeking restitution - the difference between what Bello paid as the premium on the policy and the amount he received when he surrendered the policy.
To establish a claim for restitution, the Plaintiff must establish that the Defendant received money, property or services from the palintiff, that the Defendant benefitted from the receipt of the money, property or services and that in equity and good conscience the Defendant should not be permitted to retain the money or property or should be required to pay for the services. Matter of Estate of Witbeck, 245 A.D.2d 848 (3rd Dept., 1997); and Wiener v. Lazard Freres & Co., 241 A.D.2d 114 (2nd Dept., 1998); and Tarrytown House Condominiums, Inc. V. Hainje, 161 A.D.2d 310 (1st Dept., 1990),
See also, 2 NY PJI 4:2, p. 615 (2004).
The complaint fails to state a cause of action for restitution against Meyer since he did not receive an money, property or services from Bello. The money to purchase the policy was paid to New England Life.
The complaint also fails to state a cause of action for restitution against New England Financial, New England Life or MetLife. Neither New England Financial nor
MetLife received any money or property from Bello. The premium was paid the New England Life which issued the policy.
The money paid by Bello to New England Life was used to purchase a variable life policy. When Bello chose to surrender the policy, he received the full cash surrender value of the policy calculated in accordance with the terms of the policy. New England Life did not receive a benefit and retain anything that was due, or properly belonged, to Bello pursuant to the [*8]terms of the policy. Bello is seeking to recover the losses he sustained as a result of the policy performing in accordance with its terms. Restitution does not provide a remedy to one who made an unwise or improvident investment.
The fifth cause of action fails to state a cause of action and must be dismissed.
F. Plaintiff's Cross-motions for Leave to Serve an Amended Complaint
1. Standard - Motion to Amend the Complaint
A party should be granted leave to serve an amended pleading in the absence of prejudice or surprise resulting from delay. CPLR 3025 (b). See also, Fahey v. County of Ontario, 44 N.Y.2d 934 (1978); and Northbay Construction Co., Inc. v. Bauco Construction Corp., 275 A.d.2d 310 (2nd Dept., 2000). The party opposing the amendment must demonstrate that there will be actual prejudice in permitting the service of an amended pleading. Edenwald Contracting Co., Inc. v. City of New York, 60 N.Y.2d 957 (1983); Holchendler v. We Transport, Inc., 292 A.d.2d 568 (2nd Dept., 2002); and O'Neal v. Cohen, 186 A.D.2d 639 (2nd Dept., 1992).
The determination of whether to deny or permit an amendment to the pleadings is one addressed to the sound discretion of the court. Liendo v. Long Island Jewish Med.
Ctr., 273 A.D.2d 445 (2nd Dept., 2000); and Henderson v. Gulati, 270 A.D.2d 308 (2nd Dept., 2000)
The party seeking leave to serve an amended pleading must make an evidentiary showing establishing merit to the proposed amendment. Joyce v. McKenna Assocs., Inc., 2 A.D.3d 592 (2nd Dept., 2003); and Morgan v. Prospect Park Assocs. Holdings, L.P., 251 A.D.2d 306 (2nd Dept., 1998). The evidentiary showing establishing merit must be made by one with actual knowledge of the facts surrounding the proposed amendment. Id.; and Frost v. Monter, 202 A.D.2d 632 (2nd Dept., 1994). The court will not consider the merits of the proposed amendment unless it is insufficient as a matter of law or totally devoid of merit. Sunrise Plaza Assocs., L.P. v. International Summit Equities Corp., 288 A.D.2d 300 (2nd Dept., 2001); and Norman v. Ferrara, 107 A.D.2d 739 (2nd Dept., 1985). See also, Siegel, New York Practice 3rd §237.
In this case, Plaintiff's cross-motions for leave to serve an amended complaint are supported solely by an attorney's affirmation. While a verified complaint may be used in lieu of an affidavit to establish merit. (CPLR 105[u]), the verification must be by someone with personal knowledge of the facts and the complaint must set forth facts sufficient to withstand a motion for summary judgment. See, Pollnow v. Poughkeepsie Newspaper, Inc., 67 N.Y.2d 778 (1986); and Riverhead Building Supply Corp. v. Regine Starr, Inc., 249 A.D.2d 532 (2nd Dept., 1998). The complaint is verified by Plaintiff's attorney. The proposed amended complaint is not verified by a party with knowledge.
Since Plaintiff has failed to make an evidentiary showing that the proposed amendment is meritorious, the motion for leave to serve an amended complaint must be denied. Nevertheless, denial of Bello's cross-motions on this basis would not be a determination of the merits of causes of action asserted in the proposed amended complaint. Plaintiff could simply commence another action asserting these causes of action. The Court would then address the sufficiency of those claims.
2. General Business Law §349
[*9]
General Business Law §349 prohibits deceptive business practices. The statute makes actionable conduct which does not rise to the level of common law fraud. Gaidon v. Guardian Life Ins. Co. Of America, 94 N.Y.2d 330 (1999) ("Gaidon I").
The statute provides a remedy to those who have been subjected to deceptive or misleading acts or business practices that are consumer oriented. Oswego Laborers Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20 (1995). A deceptive act or practice for the purpose of the statute is one which is likely to mislead a reasonably prudent consumer. Karlin v. IVF, America, Inc., 93 N.Y.2d 282 (1999). General Business Law §349(h) provides for a private right of action to enjoin such practices or to recover damages sustained resulting from such practices.
The three (3) years statute of limitations set forth in CPLR 214(2) is applicable to private actions brought pursuant to General Business Law §349. Gaidon v. Guardian Life Ins. Co. of America, 272 A.D. 2d 60 (1st Dept. 2000), aff'd., 96 N.Y.2d 201 (2001).
("Gaidon II"). The cause of action accrues when Plaintiff first suffers compensable injury. Id.
In this case, the cause of action accrued when the policy was issued. The face sheet of the policy contains a statement that the death benefit can vary from day to day in accordance with the terms of the policy. The statement relating to the variable death benefits specifically makes reference to Section 7 of the policy which contains a detailed explanation of how the death benefit will be calculated. The face sheet also contains a statement that the cash value of the policy can vary from day to day depending upon the performance of the investment accounts. The statement regarding the variable nature of the cash value of the policy makes reference to Section 11 of the policy which gives a detailed explanation of how the cash value of the policy will be calculated and how, when and why the cash value of the policy will vary.
The face sheet of the policy clearly states that the policy is a legal contract between the policyholder and the company; that the policy should be read carefully; and that the policy can be cancelled and the full premium paid refunded if the policy is returned to either the company or the agent within ten days of the issuance of the policy.
Considering the statements contained in the policy, any claims relating to any false or misleading statements made by Meyer to Bello regarding the nature of the policy could and should have been discovered when the policy was issued or shortly thereafter. The policy was issued in January 2000. Bello does not claim that he did not receive a
copy of the policy nor does he assert that the policy provided to him was different from the policy attached to the motion.
A party may not amend a complaint to assert a claim that is barred by the statute of limitations. See, Goldberg v. Camp Mikan-Recro, 42 N.Y.2d 1029 (1977). See also, Truty v. Federal Bakers Supply Corp., 217 A.D.2d 951 (4th Dept., 1995).
General Business Law §349 applies only to deceptive business practices that occur in New York. Goshen v. Mutual Life Ins. Co. Of New York, 98 N.Y.2d 314 (2002).
Bello resided in Fort Lee, New Jersey at the time that he purchased the policy. The named owner and beneficiary, the "Bello Trust" is also listed as having an address in Fort Lee, New Jersey. In view of this, General Business Law §349 is not applicable to this circumstance.
[*10]
Finally, the claim would also be barred by the documentary evidence. In order to sustain a claim pursuant to General Business Law §349, the deceptive representation or practice must be such that it mislead a reasonably prudent consumer. Stutman v. Chemical Bank, 95 N.Y.2d 24 (2000). Fully disclosed risks are not deceptive practices for the purposes of General Business Law §349. Citipostal, Inc. v. Unistar Leasing, 283
A.D.2d 916 (4th Dept., 2001). In this case, the policy fully explains the risks. Furthermore, Bello admits to having received the prospectus regarding his policy, that the risks of the policy were fully disclosed and explained to him prior to his purchase of the policy and that he understood those risks.
For the foregoing reasons, leave to amend the complaint to allege a cause of action pursuant to General Business Law §349 cannot be granted.
3. Fraud
Plaintiff also seeks leave to serve an amended complaint which alleges a cause of action for fraud in the inducement and fraudulent concealment.
The elements of common law fraud are "representation of a material existing fact, falsity, scienter, deception and injury." Channel Master Corp. v. Aluminum Limited Sales Inc., 4 N.Y.2d 403, 407 (1958). See also, Dalessio v. Kressler, -A.D.2d-, 773 N.Y.S.2d 434 (2nd Dept., 2004). In the context of the purchase of an insurance policy, Plaintiff must establish that the misrepresentations induced Plaintiff to purchase the policy as well as scienter, reliance and injury. Gaidon I, supra; and New York University v. Continental Ins. Co., 87 N.Y.2d 308 (1995).
A contract is not fraudulently induced if the misrepresentation could have been discovered through the exercise of due diligence. See, Danann Realty Corp. v. Harris, 5 N.Y.2d 317 (1959); and Cohen v. Cerier, 243 A.D.2d 670 (2nd Dept., 1997).
Assuming that Meyer did, at some point, misrepresent the risks of the policy, Bello cannot claim to have reasonable relied upon those representations in view of his acknowledgment of receipt of the prospectus and his acknowledgment that the risks of the policy were explained to him. Furthermore, the terms of the policy clearly and unambiguously explain the risks involved in such a policy. Therefore, the proposed
amendment to assert a claim for fraud in the inducement is meritless and the motion must be denied.
A party cannot void an agreement by claiming that the terms of an agreement were fraudulently misrepresented when the fraudulent misrepresentation could have easily discovered by reading the document. Morby v. Di Siena Assoc., LPA, 291 A.D.2d 604 (3rd Dept., 2002); and; Collins v. E-Magine, LLC, 291 A.D.2d 350 (1st Dept., 2002), See, Shklovskiy v. Khan, 273 A.d.2d 371 (2nd Dept., 2000).
Plaintiffs also seek to assert a cause of action for fraudulent concealment. In order to establish a claim for fraudulent concealment, Plaintiff must prove the elements of fraud and must further establish that the Defendant had an affirmative duty to disclose information. Swersky v. Dreyer and Traub, 219 A.D.2d 321 (2nd Dept., 1996); and George Cohen Agency, Inc. v. Donald S. Perlman Agency, Inc., 114 A.D.2d 930 (2nd Dept., 1985). Such an obligation arises in the [*11]absence of a fiduciary relationship only where one's superior knowledge of the essential facts renders a transaction inherently unfair if those facts are not disclosed. Swersky v. Dreyer and Traub, supra. A claim for
fraud in the inducement will not lie where the information is readily available to the Plaintiff. Reale v. Sotheby's, Inc., 278 A.D.2d 119 (1st Dept., 2000).
In this case, the information regarding the risks of the policy were not only readily available to Bello, they were actually disclosed to him. Therefore, the claim for
fraudulent concealment is meritless and leave to amend to permit such a claim to be alleged must be denied.
G. Defendants' Motion for Sanctions
Defendants New England Financial, New England Life and MetLife seek sanctions as provided for by 22 NYCRR §130-1.1 and attorney's fees. Sanctions may be imposed for frivolous conduct. 22 NYCRR §130-1.1(c). For the purposes of this action, the only relevant section is 22 NYCRR §130-1.1(c)(1) which permits the Court to impose sanctions on a party who commences an action which "...is completely without merit or which cannot be supported by a reasonable argument for an extension, modification or reversal of existing law." The decision as to whether to award sanctions is within the sound discretion of the court. Wagner v. Goldberg, 293 A.D.2d 527 (2nd Dept., 2002).
The moving Defendants base their claim for sanctions upon a letter on New England Financial letterhead dated August 20, 2003 responding to letters sent by Plaintiff's attorney to New England Financial regarding this claim which was in response to letters sent by Plaintiff's attorney to New England Financial on three occasions, the first being on June 24, 2003.
New England Financial took nearly two months to respond to these letters. New England Financial's letter sets forth its position in regard to this claim. It is not a final
determination of the claim nor does it address any of the bases upon which this motion was made.
 Additionally, Bello has filed a complaint with the New York State Insurance Department regarding the issues involved in this action. It is unclear what, if any, action has been taken by the Insurance Department in regard to this complaint. It would be improvident for this Court to impose sanctions upon the Plaintiff for commencing a frivolous action while this matter is pending for the Insurance Department.
Therefore, Defendants request for sanctions and legal fees is denied.
Accordingly, it is,
ORDERED, that Plaintiff's cross-motions to amend the caption to add "The Saverio Bello Family Trust" as a Plaintiff is granted; and it is further,
ORDERED, that the motions of the Defendants, New England Financial, New England Life Insurance Company, MetLife, Inc., and Gregory Meyer for an order dismissing the complain in this action pursuant to CPLR 3211(a)(1),(5) and (7) is granted; and it is further,
ORDERED, that Plaintiff's cross-motions for leave to serve an amended complaint is denied; and it is further,
[*12]
ORDERED, that the motion of Defendants New England Financial, New England Life Insurance Company and MetLife, Inc. for sanctions and attorney's fees is denied.
This constitutes the decision and Order of the Court.
Dated: Mineola, NY ______________________________
 May 20, 2004 Hon. LEONARD B. AUSTIN, J.S.C. 
Footnotes

Footnote 1:The Defendants Stein & Knox and Creative Financial Partners LLC have been served but have not appeared.