■ REBEIL CONSULTING CORP., Appellant, v BELLE LEVINE et al., Respondents. (And a Third-Party Action.) [617 NYS2d 830] — In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (Hart, J.), dated September 23, 1993, as denied in part its motion for partial summary judgment striking the defendant Belle Levine's first affirmative defense and counterclaim pursuant to CPLR 3212 (g) on the ground that it is time-barred, and (2) so much of an order of the same court, dated December 28, 1993, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated September 23, 1993, is dismissed, as it was superseded by the order dated December 28, 1993, made upon reargument; and it is further,

Ordered that the order dated December 28, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

On or about April 3, 1989, the defendant Belle Levine borrowed the sum of $105,000 from the plaintiff Rebeil Consulting Corp. (hereinafter Rebeil) and executed a mortgage note for repayment of the loan. The note was secured by a mortgage, subsequently recorded by Rebeil, on real property

owned by Levine. When Levine allegedly failed to pay the monthly installment payable on November 3, 1990, Rebeil accelerated the amount due under the note in accordance with its terms. Thereafter, Rebeil brought the present action against Levine to foreclose on the mortgage. As an affirmative defense and counterclaim, Levine alleged that various fees imposed by Rebeil in connection with the loan made the note and mortgage given as collateral for the loan illegal and void as usurious. In her first counterclaim, she also sought, *inter alia*, recovery of the interest payments over and above the legally allowable rate.

Rebeil's motion for partial summary judgment dismissing Levine's affirmative defense of usury was properly denied. Although "[a]n action to recover any overcharge of interest or to enforce a penalty for such overcharge" is subject to a one-year Statute of Limitations (CPLR 215 [6]), affirmative defenses, such as usury under General Obligations Law § 5-511, are not subject to the Statute of Limitations *(see generally,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 203.25, at 2-142).

Pursuant to General Obligations Law § 5-513, Levine's first counterclaim also sought recovery of that amount of interest paid on the note in excess of the legally allowable rate. The court correctly determined that this counterclaim was time-barred insofar as it sought recovery of that amount paid to Rebeil more than one year before the counterclaim was interposed, but that it was not time-barred insofar as it sought recovery of that amount in excess of the legally allowable rate paid to Rebeil within one year of the time that the counter-claim was interposed *(see,* CPLR 215 [6]). Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.