■ REGINALD CLARK et al., Appellants, v KIMBALL W. DABY, Respondent. [639 NYS2d 549] —White, J.

The principal issue presented is whether a bond executed on October 23, 1980, obligating defendant to pay plaintiffs $32,748.98 on October 23, 1982 with interest at the rate of 13$^1$/2% per annum in monthly installments of $50 commencing on November 1, 1980, is usurious. For the reasons that follow, we hold that it is and, accordingly, affirm Supreme Court's order dismissing plaintiff's complaint in this action to foreclose a mortgage, nullifying the bond and canceling the mortgage securing the bond.

The usury statute prohibits any person from, directly or indirectly, charging interest on a loan or forbearance of any money at a rate exceeding that established by law (General Obligations Law § 5-501 [2]). Plaintiffs contend that the statute is inapplicable here because the record is devoid of any evidence of either a loan or forbearance.

The record evidence shows that defendant was employed by plaintiffs between 1970 and 1980 as the manager of their movie theaters located in the Village of Lake Placid, Essex County. In 1980, it was discovered that defendant had misappropriated funds belonging to plaintiffs. He admitted his defalcation and, without counsel, entered into negotiations with plaintiffs and their attorney regarding repayment of the funds that culminated in the execution of the subject bond and mortgage. In our view, plaintiffs' acceptance of the bond from defendant constitutes a forbearance since the bond's legal effect was to defer their right to pursue legal remedies to collect the debt presently owed to them by defendant for a period of two years, provided defendant complied with its terms (see, 72 NY Jur 2d, Interest and Usury, § 62, at 85; see also, Black's Law Dictionary 580 [5th ed 1979]).

Plaintiffs' remaining arguments do not require extended discussion. Plaintiffs' usurious intent was not in issue since it could be implied from the bond that is usurious on its face given the fact the legal rate of interest on the date of its execution was 11%* (see, Giventer v Arnow, 37 NY2d 305, 309; Fareri v Rain's Intl., 187 AD2d 481, 482; Matter of Dane, 55 AD2d 224, 226). Plaintiffs' claim that defendant's usury defense is barred by the Statute of Limitations is meritless (see, Rebeil Consulting Corp. v Levine, 208 AD2d 819, 820). The amendment to Banking Law § 14-a increasing the maximum rate of interest to 16% effective December 1, 1980 does not benefit plaintiffs as it is not applied retroactively (see, Norstar Bank v Pickard & Anderson, 155 AD2d 911). While the doctrine of estoppel in pais can be applied in usury cases, it is inapplicable here as there is no proof that defendant induced reliance on the legality of the transaction (see, Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 742-743). We have examined plaintiffs' remaining contentions and find them unpersuasive.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* See, Historical Note Section 4.1 Interest Rate, McKinney's Cons Laws of NY, Book 23A, General Obligations Law § 5-501, at 185.