■ REGINALD CLARK et al., Appellants, v KIMBALL W. DABY, Respondent. [751 NYS2d 622] —Mercure, J. Appeal from an order of the Supreme Court (Dawson, J.), entered September 28, 2001 in Essex County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

In 1980, defendant executed in favor of plaintiffs his bond and mortgage securing real property located in the Village of Lake Placid, Essex County. Plaintiffs subsequently brought an action to foreclose the mortgage, defendant successfully interposed the defense of usury, and Supreme Court (Viscardi, J.) entered an order in favor of defendant determining that the bond and mortgage were null and void and canceling and discharging the mortgage of record. On appeal, this Court affirmed (*Clark v Daby*, 225 AD2d 974, *lv denied* 88 NY2d 816). During the pendency of plaintiffs' subsequent applications to this Court and the Court of Appeals for leave to appeal to the Court of Appeals, they elected to pay $10,786.77 in order to redeem the property from an impending tax sale by the Essex County Treasurer. Following the denial of plaintiffs' applications for leave to appeal, plaintiffs brought the present action seeking to recover the moneys paid to the County Treasurer on a theory of unjust enrichment. Following joinder of issue, plaintiffs moved and defendant cross-moved for, as here relevant, summary judgment. Supreme Court granted summary judgment in favor of defendant and dismissed the complaint. Plaintiffs appeal.

We affirm. "To prevail on a claim of unjust enrichment, [a] plaintiff must show that (1) defendant was enriched (2) at plaintiff's expense, and (3) that 'it is against equity and good conscience to permit * * * defendant to retain what is sought to be recovered'" (*Lake Minnewaska Mtn. Houses v Rekis*, 259 AD2d 797, 798, quoting *Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421, *cert denied* 414 US 829). Notably, it is the plaintiff's burden to "demonstrate that services were performed *for the defendant* resulting in [the latter's] unjust enrichment" (*Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [emphasis in original]), and the mere fact that the plaintiff's activities bestowed a benefit on the defendant is insufficient to establish a cause of action for unjust enrichment (*see id.*; *see also Wiener v Lazard Freres & Co.*, 241 AD2d 114, 120). "Generally, courts will look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent" (*Paramount*

*Film Distrib. Corp. v State of New York, supra* at 421 [citation omitted]).

Although there can be no question that plaintiffs' payment of real property taxes on the property worked to defendant's benefit by relieving him of that burden, it is equally clear that plaintiffs operated under no mistake of fact or law but, rather, their sole motivation in making the payment was to protect their own interests. As stated in an affidavit of plaintiffs' attorney: "If the taxes had not been paid, the County would have taken title to the property cutting off plaintiffs' interest in the property. Plaintiffs had to pay the taxes to protect themselves in the event of a reversal on appeal. There is no other logical reason for plaintiffs paying the taxes." The fact that plaintiffs' calculated risk failed makes their conduct no less voluntary, and there is no evidence or claim that defendant's conduct with regard to this matter was in any way tortious or fraudulent. Under all the circumstances, we agree with Supreme Court's conclusion that any benefit to defendant was purely incidental, thereby defeating plaintiffs' claim of unjust enrichment. The parties' additional contentions have been considered and found to be unavailing.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.