**Michael L. GALENO, on behalf of himself and all others similarly situated, Plaintiff–Appellant,**

v.

**BLOCKBUSTER, INC., Defendant–Appellee.**

No. 05–8019–CV.

United States Court of Appeals, Second Circuit.

March 23, 2006.

Ronen Sarraf, Sarraf Gentile LLP (Michael P. Malakoff, Malakoff Doyle & Finberg, P.C., Pittsburgh, Pennsylvania, on the brief), New York, New York, for Plaintiff–Appellant.

Michael L. Raiff, Vinson & Elkins L.L.P., Dallas, Texas (Steven Paradise, New York, New York, Robert C. Walters and Jennifer B. Poppe, Dallas, Texas, on the brief), for Defendant–Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Michael L. Galeno appeals from an order entered in the United States District Court for the Southern District of New York (George Daniels, *Judge*) denying his motion to remand the case to the New York state court for lack of subject-matter jurisdiction. The district court held that it had subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005, Pub.L. 109–2, 119 Stat. 4 ("CAFA"). Galeno argues that (1) the amount in controversy did not exceed $5 million, as required by CAFA; and (2) the district court erroneously placed the burden of proof on the party seeking remand rather than on the party seeking federal jurisdiction. We have jurisdiction to hear this interlocutory appeal pursuant to 28 U.S.C. § 1453(c). We assume familiarity with the facts and procedural history.

CAFA requires that an appeal be decided "not later than 60 days after the date on which such appeal was filed." 28 U.S.C. § 1453(c)(2). By this order, we extend the deadline for decision by ten days, *nunc pro tunc*, as permitted by CAFA, 28 U.S.C. § 1453(c)(3)(B), and issue our judgment within the applicable time period. A detailed opinion of the court will follow.

As to the amount in controversy, the district court did not indicate how it determined that the $5 million threshold was met. We therefore cannot properly review its decision. On remand the district court should explain its calculation of the reasonably probable damages.

For the reasons set forth above, the decision of the United States District Court for the Southern District of New York is hereby VACATED and REMANDED.

A detailed opinion of the court will follow.