BLOCKBUSTER, INC., Defendant–
Appellee,

v.

Michael GALENO, Plaintiff–Appellant.

Docket No. 05–8019–cv.

United States Court of Appeals,
Second Circuit.

Argued March 3, 2006.

Decided Dec. 26, 2006.

Ronen Sarraf, New York, N.Y. (Sarraf
Gentile LLP, New York, NY; Michael P.
Malakoff, Malakoff Doyle & Finberg, P.C.,
Pittsburgh, PA, of counsel), for Plaintiff–
Appellant.

Michael L. Raiff, Dallas, TX (Robert C.
Walters, Jennifer B. Poppe, Vinson & El-
kins L.L.P., Dallas, TX; Steven Paradise,
Vinson & Elkins L.L.P., New York, NY, of
counsel), for Defendant–Appellee.

Before CARDAMONE, WALKER, and
SOTOMAYOR, Circuit Judges.

CARDAMONE, Circuit Judge.

On this appeal we consider a class action
suit commenced in New York State Su-
preme Court on February 25, 2005. The
action was brought by Michael L. Galeno
and other plaintiffs as disgruntled custom-
ers of defendant Blockbuster, Inc. (defen-
dant or Blockbuster). They charged in

their complaint that defendant's "No Late Fee" program, begun on January 1, 2005, is a deceptive forced sale scheme, which in their view is worse than a "bait and switch" scheme because a customer who holds a video beyond its due date is charged without notice for a sale of the item. This conduct by the defendant, plaintiffs allege, is a deceptive business practice under New York law and constitutes unjust enrichment under the common law. Defendant's conduct resulted in a suit being brought by 47 Attorneys General and the District of Columbia, and after a settlement was reached in that suit, the program entitled "No Late Fee" was scrapped by defendant by March 15, 2005.

After Blockbuster removed Galeno's action to federal court, plaintiffs moved to send this class action case back to state court. Plaintiffs have appealed the district court's denial of their motion and assert that the statutory amount-in-controversy requirement has not been met. It is against this backdrop that we must decide the jurisdictional question raised on the appeal: which party—plaintiffs or defendant—has the burden of demonstrating federal jurisdiction? To answer this question we address the jurisdictional requirements of the Class Action Fairness Act of 2005 (CAFA), Pub.L. No. 109–2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

## BACKGROUND

Plaintiff Michael L. Galeno (plaintiff or appellant), the named plaintiff in this putative class action, appeals from the July 13, 2005 order of United States District Court for the Southern District of New York (Daniels, J.), denying his motion to remand the action for lack of federal subject matter jurisdiction to the New York State Supreme Court.

Because appeals from an order denying a motion to remand under CAFA must be decided "not later than 60 days after the date on which such appeal was filed," 28 U.S.C. § 1453(c)(2), on March 23, 2006 we vacated the district court's denial by summary order and remanded the case to that court. *See Galeno v. Blockbuster, Inc.,* 171 Fed.Appx. 904 (2d Cir.2006). In this opinion we explain our reasons for doing so.

### A. *The Parties and the Class Complaint*

On February 25, 2005 Galeno, a New York resident, filed this putative class action against defendant Blockbuster in New York State Supreme Court, on behalf of himself and all similarly situated New York customers who rented videos from Blockbuster stores from "January 1, 2005 to the present." Plaintiff alleged that Blockbuster had engaged in deceptive business practices through its no-late-fee program.

The no-late-fee program was a widely advertised innovation by Blockbuster that the company initiated on January 1, 2005. Under the program, Blockbuster no longer charged customers a late fee for keeping rental videos past their due dates. Rather, if a customer chose to keep a rental (or otherwise failed to return it on time), Blockbuster automatically converted the rental to a sale of the video on the eighth day past the video's original due date. The customer was then billed an additional amount for the selling price of the video, minus the initial rental fee already paid. Blockbuster referred to this action as a converted sale. If a customer returned the video within 30 days after the sale date, Blockbuster agreed to refund or credit the customer the sale price, and to charge the customer only a $1.25 restocking fee for costs associated with the conversion of the video from rental to sale and

then back to rental. Blockbuster advertised that customers could "celebrate" the end of late fees and declared that there are "no more late fees" at Blockbuster.

Plaintiff's complaint alleged that Blockbuster's advertising was deceptive in that it omitted the material fact that instead of being assessed a late fee, customers would be charged a sale fee, or if they returned the video, a restocking fee. Blockbuster included on its website some information regarding converted sales and restocking fees. Nonetheless, according to plaintiff, Blockbuster did not make those details clear, but required customers to search the website to find them. Similarly, Blockbuster omitted pertinent details from its store signage and television advertising. This, averred plaintiff, violated New York General Business Law § 349 (deceptive business practices) and enriched Blockbuster unjustly. Plaintiff claimed that there were "thousands of members of the Class," though their exact number and identities are currently unknown. For relief, the complaint requested actual or statutory damages, "whichever are greater." Plaintiff stated that statutory damages would be $50 per customer. The complaint also sought injunctive relief and attorney's fees.

### B. *Federal District Court Proceedings*

Blockbuster removed the action on April 1, 2005 to federal court, asserting diversity jurisdiction under both the general diversity provision, 28 U.S.C. § 1332(a), and CAFA, 28 U.S.C. § 1332(d). After Blockbuster filed its answer to the complaint, plaintiff promptly moved to remand the case back to state court on the ground that the federal court lacked subject matter jurisdiction because Blockbuster could not satisfy the amount-in-controversy requisite of $5 million, *see* 28 U.S.C. § 1332(d). Blockbuster then filed under seal with the district court a declaration by its senior

vice president and corporate controller, James Howell, that described the total amount of restocking fees and converted sales incurred by New York customers under the no-late-fee program from January 1, 2005 to May 19, 2005.

Before the district court, Blockbuster asserted that CAFA had reversed the traditional rule that the party seeking removal to federal court bears the burden of establishing federal jurisdiction, citing a recent decision by the United States District Court for the Central District of California, *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008 (C.D.Cal. July 11, 2005), *overruled by Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir.2006) (per curiam). The district court, agreeing with Blockbuster, denied Galeno's motion to remand. The court stated, "On my review of the case, so far I'm in substantial agreement with [the *Yeroushalmi* court]." The trial judge did not make any factual findings as to the amount in controversy or the diversity of the parties, nor did he explain the basis on which he found subject matter jurisdiction, except to say:

> Obviously the issue is whether or not a defendant should have the right to be in federal court. And there is a presumption that there is such a right given, [sic] sufficient factual basis consistent with the statute. Therefore, I'm going to deny the motion to remand.... I think on the record as it exists, I think the defendant has met its burden at this stage of the proceeding to demonstrate a right to be in federal court and the plaintiff has not met the burden to demonstrate, and that there is not sufficient basis to conclude that there's federal jurisdiction.

On July 13, 2005 the district court issued a brief order denying plaintiff's motion to remand.

### C. *Appellate Proceedings*

Galeno filed a motion, pursuant to 28 U.S.C. § 1453(c), for permission to appeal the district court's ruling, which we granted. As noted above, on March 23, 2006 we issued a summary order in this case. In that order we vacated and remanded the order of the district court, instructing that court to "explain its calculation of the reasonably probable damages." *Galeno*, 171 Fed.Appx. at 904.

### DISCUSSION

### I Standard of Review

■ On appeal from the denial of a motion to remand for lack of subject matter jurisdiction, we review the court's legal conclusions *de novo* and its factual findings for clear error. *See Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir.2004).

### II Congress Grants Jurisdictional Authority With the Class Action Fairness Act of 2005

As we have often stated, and the Supreme Court has recently reiterated, federal district courts are "courts of limited jurisdiction" whose powers are confined to statutorily and constitutionally granted authority. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 2616–17, 162 L.Ed.2d 502 (2005); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir.2000). Congress, pursuant to its power under Article III to ordain and establish federal courts, U.S. Const. art. III, § 1, has granted to district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and cases between citizens of different states (diversity jurisdiction), *see* 28 U.S.C. § 1332.

On February 18, 2005 Congress enacted CAFA with the purpose of, *inter alia,* expanding the availability of diversity jurisdiction for class action lawsuits. CAFA applies to class actions "commenced on or after the date of enactment" of February 18, 2005, which was a week before Galeno filed his complaint in this action. 28 U.S.C. § 1332 Note, Effective and Applicability Provisions. The statute, § 1332(d)(1), defines a class action as any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or a similar state rule that allows actions to be brought by representatives of plaintiff classes. 28 U.S.C. § 1332(d)(1)(B).

CAFA amends the diversity statute by adding a new § 1332(d) to confer original federal jurisdiction over any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.,* where at least one plaintiff and one defendant are citizens of different states. 28 U.S.C. § 1332(d)(2), (5)(b), (6).

Another section of CAFA, § 1453, enhances the ability of defendants to remove class actions originally filed in state court to federal court. Section 1453 permits a defendant to remove a class action even if a co-defendant is a citizen of the state in which the action was originally brought and without the consent of the other defendants in the action. § 1453(b). This provision overrides the former case law requirement that each defendant consent to removal. *See Abrego Abrego*, 443 F.3d at 681. Section 1453(b) incorporates by reference the general removal procedures of 28 U.S.C. § 1446, "except that the 1–year limitation under section 1446(b) [does] not apply." 28 U.S.C. § 1453(b).

### III Subject Matter Jurisdiction Under CAFA

■ We turn now to the case at hand to discuss whether the requirements of subject matter jurisdiction were satisfied. We generally evaluate jurisdictional facts, such

as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal. *See Vera v. Saks & Co.*, 335 F.3d 109, 116 n. 2 (2d Cir.2003) (per curiam).

With this in mind, a court must assess the three prerequisites for CAFA jurisdiction: no fewer than 100 members of the plaintiff class, minimal diversity, and $5 million in controversy. With regard to the number of members in the class, neither party disputes the fact that there are more than 100 members of the class, and the complaint plainly states that there are thousands of members.

Before turning to the jurisdictional requirements of minimal diversity and amount in controversy, however, we first address whether CAFA shifted the burden of proof to the remand-requesting plaintiff to show that federal jurisdiction does not exist.

## A. *Burden of Proof*

Appellant maintains the district court erred in placing the burden of proof on him to show that the federal court did not have subject matter jurisdiction. Defendant counters that CAFA altered the landscape of federal jurisdiction in class actions to such an extent that it shifted the burden of proving jurisdictional facts, or more precisely a lack thereof, to plaintiff. Even though CAFA's plain language does not mention the burden of proof, Blockbuster would have us accept CAFA's legislative history as evidence that Congress intended plaintiffs to bear the burden.

■ As a preliminary matter, we observe that though the parties have indicated the district court placed the burden on the plaintiff, it is not obvious from the district judge's order or comments at oral argument whether he ruled on this legal issue. The district court stated, without explanation, both that "defendant has met its burden" and that "plaintiff has not met

the burden." Because the court expressed that it was persuaded by the decision in *Yeroushalmi*, it appears to us that it agreed with *Yeroushalmi* that CAFA places the burden on the named plaintiff to establish the absence of federal jurisdiction. *See Yeroushalmi*, 2005 WL 2083008, at *3. If that is indeed what the district court held, we think it was wrong.

An old proverb teaches that "Heaven suits the back to the burden." *The Concise Oxford Dictionary of Proverbs* 94 (J.A. Simpson ed., 1982). It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction. *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979). So in this case we may correctly say that the law suits the back to the burden. Under this rule, Blockbuster ought to shoulder the burden because it removed the action to federal court from state court. *See DiTolla v. Doral Dental IPA of New York*, 2006 WL 3335125, *3–4 (2d Cir. Nov.17, 2006) (ruling simply that CAFA has not changed the traditional rule that the party asserting federal jurisdiction bears the burden of establishing jurisdiction).

In response Blockbuster points to a Senate Committee Report as proof that Congress intended plaintiffs to bear the burden of proof. *See* S.Rep. No. 109–14, at 42 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 40. The report states: "If a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident (i.e., that the applicable jurisdictional requirements are not satisfied)." *Id.* As the Ninth Circuit points out, the Judiciary Committee issued this report ten days following CAFA's enactment into law. *Abrego Abrego*, 443 F.3d at 683.

Congress included no such language in the text of the statute. We assume that

the drafters of CAFA were well aware of the statutory language necessary to express an intent to shift the burden of proof to the plaintiff, especially in light of long-standing judicial rules placing the burden on the defendant. *Cf. Desiderio v. Nat'l Ass'n of Securities Dealers,* 191 F.3d 198, 205–06 (2d Cir.1999). The line of cases confirming the rule that the party invoking jurisdiction bears the burden is a venerable one. *See, e.g., Turner v. Enrille,* 4 U.S. 7, 1 L.Ed. 717 (1799); *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

It is true that Congress displayed in CAFA an aim to broaden certain aspects of federal jurisdiction for class actions, *see* §§ 1332(d), 1453. However, we think that, rather than evincing an intent to make as drastic a change to federal jurisdiction as Blockbuster proposes, CAFA's detailed modifications of existing law show that Congress appreciated the legal backdrop at the time it enacted this legislation. Moreover, the Senate report was issued ten days after the enactment of the CAFA statute, which suggests that its probative value for divining legislative intent is minimal. In the absence of a clear textual directive to alter such a long established principle of federal jurisdiction, we decline to do so. *See Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005) ("The rule that the proponent of federal jurisdiction bears the risk on non-persuasion has been around for a long time. To change such a rule, Congress must enact a statute with the President's signature."); *see also Abrego Abrego,* 443 F.3d at 686; *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1328–29 (11th Cir.2006) (rejecting an argument identical to Blockbuster's and noting that "a committee report cannot serve as an independent statutory source having the force of law"). To enshrine the Committee Report as law would be to ignore the Constitution's requirement of bicameralism and presentment.

Every circuit court that has considered this issue has reached the same conclusion. *Abrego Abrego,* 443 F.3d at 686; *Evans v. Walter Indus.,* 449 F.3d 1159, 1164 (11th Cir.2006); *Brill,* 427 F.3d at 448. We note that some courts of appeal have gone further and have held that once the defendants have carried the burden of establishing, pursuant to the general jurisdictional requirements of CAFA, that the amount in controversy is greater than $5 million and that there is minimal diversity of the parties, 28 U.S.C. § 1332(d)(2), a plaintiff seeking remand bears the burden of establishing that they are eligible for one of CAFA's express exceptions to jurisdiction enumerated at § 1332(d)(3)-(5). *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 680 (7th Cir.2006); *Frazier v. Pioneer Ams. LLC,* 455 F.3d 542, 546 (5th Cir.2006); *Evans,* 449 F.3d at 1164. The § 1332(d)(3) and (5) exceptions are not before us, and therefore we need not comment on whether we agree with these circuits.

In sum, we hold that CAFA did not change the traditional rule and that defendant bears the burden of establishing federal subject matter jurisdiction. Blockbuster must show that it appears to a "reasonable probability" that the aggregate claims of the plaintiff class are in excess of $5 million. *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir.2000); 28 U.S.C. § 1332(d)(2), (6).

### B. *Was Minimal Diversity Satisfied?*

■ Although the jurisdictional dispute in this appeal focuses on the amount-in-controversy question, we pause briefly to consider the diversity of the parties. As we have noted above, § 1332(d)(2) requires only minimal diversity of the parties, which occurs when

(A) any member of a class of plaintiffs is a citizen of a State different from any

defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

A corporation is "deemed ... a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Blockbuster is therefore a citizen of Delaware and Texas.

The class complaint alleged only that Galeno, the named plaintiff, was a *resident* of New York; it made no declaration as to his citizenship. However, the complaint also stated that there were "thousands" of "New York customers" who were members of the class. The district court failed to make a finding as to whether minimal diversity was established, but it seems plain to us that Blockbuster is able to meet its burden of showing there is a reasonable probability that at least one of these class members is a citizen of New York and thus is "a citizen of a State different from ... defendant," 28 U.S.C. § 1332(d)(2)(A).

### C. *Was the $5 Million Amount in Controversy Satisfied?*

Unlike the general diversity statute which requires at least one claim to meet the amount-in-controversy minimum of $75,000, *see, e.g., Exxon Mobil Corp.,* 545 U.S. 546, 125 S.Ct. at 2620, CAFA explicitly provides for aggregation of each class member's claims in determining whether the amount of controversy is at least $5,000,000. 28 U.S.C. § 1332(d)(6).

The district court made no findings and offered no explanation as to how it calculated the amount in controversy here to be more than $5 million. As we stated in the previously issued summary order in this case, *Galeno,* 171 Fed.Appx. at 904, we therefore cannot properly review the district court's ruling on this issue. On remand the district court should explain its calculation of the reasonably probable damages.

### CONCLUSION

Under CAFA, as under the traditional rule, the party asserting subject matter jurisdiction has the burden of proving it. To satisfy its burden, defendant must prove to a reasonable probability that there is the necessary minimal diversity and that the amount in controversy exceeds $5 million.

Accordingly, we vacate the order of the district court and remand this case to it for further proceedings as outlined above.