10-4085-cv
Bank v. Hydra Group LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand eleven.

Present:
>           ROGER J. MINER,
>           PIERRE N. LEVAL,
>           PETER W. HALL,
>                     *Circuit Judges.*

---

Todd Bank, Individually and on Behalf of All
Others Similarly Situated,

>           *Plaintiff-Appellant*,

>           v.                                                          No.10-4085-cv

Hydra Group LLC,

>           *Defendant-Appellee*.

---

FOR APPELLANT:              Todd Bank, *pro se*, Kew Gardens, NY.

FOR APPELLEE:               Stephen L. Fox, Morris & Fox PC, New York, NY.

---

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Appellant Todd Bank, an attorney appearing *pro se*, appeals the district court's *sua sponte* dismissal of his putative class action for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction. *See Delgado v. Quarantillo*, 643 F.3d 52, 54 (2d Cir. 2011) (per curiam). In determining whether we have subject matter jurisdiction to consider a suit brought as a class action, we will treat it as such even though the district court has yet to certify the class. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 n.7 (2d Cir. 2000).

The district court found that it lacked jurisdiction because Bank's putative class action did not satisfy the amount in controversy requirement. The Class Action Fairness Act ("CAFA") requires a party seeking entrance to federal court to demonstrate that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2) (2006); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006). Assuming that the general standards governing the amount of controversy requirement under 28 U.S.C. § 1332(a)(1) apply coextensively with those standards governing the CAFA, dismissal is warranted on that basis only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *accord Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (discussing *Red*

2

*Cab Co.*, 303 U.S. at 288–89); *see also Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347

F.3d 394, 397 (2d Cir. 2003); *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir.

1982). Based on our review of Bank's complaint and the paucity of analysis by California courts

of Section 17529.5(a)(3) of the California Business & Professional Code, Cal. Bus. & Prof. Code

§ 17529.5(a)(3) (West 2008), under which Bank brings this suit, we cannot say with a "legal

certainty" that the amount in controversy in his class action is less than $5,000,000. *See*

*Tongkook*, 14 F.3d at 785 ("Where the damages sought are uncertain, the doubt should be

resolved in favor of the plaintiff's pleadings."). We therefore VACATE the district court's

judgment and REMAND for further proceedings.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We express no view as to whether Bank's complaint should be dismissed on any other ground, including for the reasons articulated by defendant-appellee in its motion to dismiss, on which the district court declined to rule.