11-904-cv
Law Offices of K.C. Okoli v. BNB Bank

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 9th day of May, two thousand twelve.

Present:    JOSEPH M. McLAUGHLIN
            ROBERT A. KATZMANN
                    *Circuit Judges*,
            JOHN F. KEENAN
                    *District Judge*.*

_____

LAW OFFICES OF K.C. OKOLI, P.C.,

                    *Plaintiff-Appellant*,

            - v -                          No. 11-904

BNB BANK, N.A.,

                    *Defendant-Appellee.*

_____

For Plaintiff-Appellant:        KENECHUKWU C. OKOLI, Law Offices of K.C. Okoli, P.C.,
                                New York, N.Y.

For Defendant-Appellee:         MICHAEL R. O'DONNELL, Riker, Danzig, Scherer, Hyland &
                                Perretti LLP, Morristown, N.J.

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).

_____

* The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Law Offices of K.C. Okoli, P.C. ("Okoli") appeals from a January 14, 2011 opinion and order of the United States District Court for the Southern District of New York (Baer, *J.*), denying Okoli's motion for remand to state court and for sanctions pursuant to Federal Rule of Civil Procedure 11, and granting Defendant-Appellee BNB Bank's ("BNB's") motion to dismiss Okoli's state law claims as preempted by the Electronic Funds Availability Act ("EFAA"), 12 U.S.C. §§ 4001-10. Okoli initiated this putative class action against BNB alleging four state law claims -- deceptive business practices in violation of New York General Business Law § 349 ("§ 349"), fraud, unjust enrichment, and conversion -- based on the bank's failure to make funds from a deposited check available for withdrawal as soon as those funds had been collected from the check drawer. Oral argument was heard on April 4, 2012, and by Order dated April 6, 2012, the parties were instructed to file letter briefs addressing: (1) under New York state law, the time within which banks must make funds from processed checks available to accountholders; and, (2) grounds other than preemption upon which this Court can affirm the district court's dismissal of the plaintiff's claims. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We first consider Okoli's challenge to the district court's denial of its motion to remand the case to state court for lack of subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), §§ 1332(d)(2), (4). Specifically, Okoli contends that BNB failed to carry its burden of alleging the existence of over 100 putative class members on the face of its notice of removal, and that the district court erred in finding that Okoli waived this objection by failing to move for

2

remand within thirty days.  On appeal from the denial of a motion to remand for lack of subject matter jurisdiction under CAFA, we review a district court's legal conclusions *de novo* and its factual conclusions for clear error.  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006).

Any civil action brought in state court may be removed to federal court when a district court would have original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Under CAFA, district courts have original jurisdiction in putative class actions where (1) the amount in controversy exceeds $5,000,000 and (2) any member of the plaintiff class is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2)(A).  However, pursuant to CAFA's numerosity requirement, § 1332(d)(5)(B), a district court's original jurisdiction "does not apply" to any class action in which the number of members in the proposed class is less than 100.  *Id.* Defendants initially bear the burden of establishing federal subject matter jurisdiction pursuant to CAFA's general requirement "that the amount in controversy is greater than $5 million and that there is minimal diversity of the parties."  *Galeno*, 472 F.3d at 58.  But "there [is] no question that whenever the subject matter of an action qualifies it for removal, the burden is on [the] plaintiff to find an express exception" to removal jurisdiction.  *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003).  Additionally, after a defendant has removed a case, 28 U.S.C. § 1447(c) dictates that a plaintiff's motion to remand "on the basis of any defect *other* than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  *Id.* (emphasis added).  Following the thirty-day period, a plaintiff may only move to remand a case to state court on the ground that the district court lacks subject matter jurisdiction.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

It is undisputed that BNB's notice of removal failed to address the numerosity requirement.  We need not, however, determine whether this requirement is an exception to or a necessary element of establishing a district court's original jurisdiction under CAFA. Jurisdictional facts "such as the amount in controversy" are evaluated on the basis of the pleadings "viewed at the time when [the] defendant files the notice of removal." *Galeno*, 472 F.3d at 56-57; *Caterpillar*, 519 U.S. at 73.  Here, at the time of removal, Okoli's complaint stated that the size of the proposed plaintiff class was "hundreds of persons."  J.A. 18.  Indeed, even Okoli's amended complaint did not change the proposed class size.  A plaintiff "cannot seek to deprive a federal court of jurisdiction" by changing its pleadings "once the jurisdictional threshold has been satisfied."  *Yong Quin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) (per curiam) (holding that it is a "well-established rule that a district court's subject matter jurisdiction, once established, is unaffected by post-removal reductions in the amount in controversy" (internal citations omitted)).  Thus, regardless of whether BNB's notice of removal was required to assert that Okoli's alleged class consisted of at least 100 plaintiffs, since the pleadings already established that the numerosity requirement had been met, the district court did not err in finding that it had subject matter jurisdiction.

Moreover, even if BNB had an affirmative obligation to assert the existence of over 100 members in the proposed plaintiff class, Okoli waived this objection by failing to raise it in a timely manner.  Given that federal subject matter jurisdiction was established on the face of Okoli's complaint and amended complaint, Okoli's objection to BNB's failure to plead the numerosity requirement in its notice of removal was procedural rather than jurisdictional. Accordingly, pursuant to § 1447(c), because Okoli failed to move for remand until more than thirty days after BNB filed its notice of removal, its procedural objections were waived.

4

We turn next to Okoli's objection to the district court's decision to grant BNB's motion to dismiss its state law claims as preempted by the EFAA. A district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), as is a district court's application of preemption principles, *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47 (2d Cir. 2011) (per curiam). We decline to decide, however, whether the district court correctly found that the EFAA preempts Okoli's claims because each of these claims may be dismissed on alternative grounds. *See Boy Scouts of Am. v. Wyman*, 335 F.3d 80, 90 (2d Cir. 2003) ("[W]e may affirm the judgment of the district court on any ground appearing in the record.").[1]

Okoli's deceptive business practice claim must be dismissed because § 349 expressly excludes from its purview any

> act or practice [that] is . . . subject to and complies with the rules and regulations of, and the statutes administered by, the federal trade commission or any official department, division, commission or agency of the United States as such rules, regulations or statutes are interpreted by the federal trade commission or such department, division, commission or agency or the federal courts.

§ 349(d). Consequently, as Okoli's complaint alleges that BNB made the proceeds of its check available within the seven-day time frame established by the EFAA and its implementing regulations, it cannot bring a claim against BNB pursuant to § 349.

---

[1] We need not decide whether the plaintiff's state law claims are preempted. Still, we note that the district court's non-precedential opinion overlooks language in 12 U.S.C. § 4007(a) exempting from federal preemption those state laws that require banks to make funds available *earlier* than the EFAA mandates. *See id.* ("Any law or regulation of any State . . . which requires that funds deposited . . . in an account at a depository institution chartered by such State be made available for withdrawal in a shorter period of time than the period of time provided" by the EFAA or its implementing regulations "shall . . . supersede the provisions of this chapter . . . [that] relate to the time by which funds deposited . . . in an account shall be available . . . .").

5

Okoli's common law fraud claim was also properly dismissed. Under New York law, to bring a fraud claim, a plaintiff must allege "a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Deutsche Bank Nat'l Trust Co. v. Sinclair*, 68 A.D.3d 914, 916 (2d Dep't 2009). Okoli's fraud claim fails because the pleadings do not identify any false misrepresentation made by BNB. From the moment Okoli deposited its $400,000 state-issued check on July 30, 2009, it was on notice that, irrespective of when the check cleared, the funds would not be available until August 10, 2009. Additionally, when Okoli contacted BNB after learning from a state employee that the check had cleared, it was not told that the check had yet to clear, but that the proceeds of the check were still unavailable. Nothing in the pleading suggests that this latter statement was false.

Similarly, Okoli's unjust enrichment claim was rightly dismissed. To state a claim for unjust enrichment "a plaintiff must demonstrate that (1) the other party was enriched, (2) at the plaintiff's expense and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Augur v. Augur*, 90 A.D.3d 1111, 1112 (3d Dep't 2011) (internal quotation marks and brackets omitted). An allegation that a defendant "received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment." *Old Republic Nat'l Title Ins. Co. v. Cardinal Abstract Corp.*, 14 A.D.3d 678, 680 (2d Dep't 2005). "Notably, it is the plaintiff's burden to demonstrate that services were performed *for the defendant* resulting in the latter's unjust enrichment, and the mere fact that the plaintiff's activities bestowed a benefit on the defendant is insufficient to establish a cause of action for unjust enrichment." *Clark v. Daby*, 300 A.D.2d 732, 732 (3d Dep't 2002) (internal

quotation marks, brackets and citations omitted). Okoli did not perform any service for the benefit of BNB – it deposited a check. Accordingly, any benefit BNB received from the hold on Okoli's account was incidental and legally insufficient to give rise to a claim for unjust enrichment.

We also affirm the district court's dismissal of Okoli's conversion claim. Under New York law, "to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights." *Nat'l Ctr. for Crisis Mgmt., Inc. v. Lerner*, 91 A.D.3d 920, 920 (2d Dep't 2012) (internal quotation marks omitted). However, "[m]oney deposited in a general account at a bank does not remain the property of the depositor. Upon deposit . . . the money deposited becomes the property of the depositary bank; the property of the depositor is the indebtedness of the bank to it . . . ." *Miller v. Wells Fargo Bank Int'l Corp.*, 540 F.2d 548, 560 (2d Cir. 1976) (citing *Sundail Constr. Co. v. Liberty Bank*, 277 N.Y. 137 (1938), and *In re Delaney*, 256 N.Y. 315 (1931)). Thus, a depositor like Okoli cannot bring a conversion cause of action against BNB, its bank, as the funds deposited therein "are not sufficiently specific and identifiable, in relation to the bank's other funds, to support" such a claim. *Fundacion Museo de Arte Contemporaneo de Caracas v. CBI-TBD Union Bancaire Privee*, 160 F.3d 146, 148 (2d Cir. 1998) (per curiam).

Finally, we consider Okoli's argument that the district court abused its discretion in denying its request for Federal Rule of Civil Procedure 11 sanctions because BNB's motion to dismiss the complaint had no chance of success in light of the Ninth Circuit's decision in *Beffa v. Bank of the West*, 152 F.3d 1174 (9th Cir. 1998). This argument lacks merit. A district court's

7

denial of a motion for Rule 11 sanctions is reviewed for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (per curiam). Sanctions may not be imposed unless a particular legal contention is "patently contrary to existing law." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 391 (2d Cir. 2003). At the time BNB filed its motion to dismiss, there was no controlling law to support either parties' position regarding whether the EFAA preempted Okoli's claims. Additionally, Okoli's reliance on *Beffa* is misplaced. There, the Ninth Circuit held that the EFAA clearly preempts state law "pertaining to the timing of availability of deposited funds." *Beffa*, 152 F.3d at 177. Based on *Beffa*, BNB reasonably took the position that Okoli's state law claims were preempted because they interfered with the deadlines set by the EFAA. The district did not abuse its discretion in declining to impose sanctions on BNB for making this argument.

We have considered Okoli's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8